PATRICIA WARD, Plaintiff v. KRISTEN BEATON, Defendant

No. COA99-1277

(Filed 19 December 2000)

**1. Alienation of Affections— denial of directed verdict—sufficiency of evidence**

The trial court did not err by denying defendant's motion for directed verdict on the claim for alienation of affections, because: (1) plaintiff presented evidence to show there was a marriage with love and affection and that defendant's conduct destroyed the marriage; (2) "luring" by defendant is not required to sustain this claim; (3) defendant need not be the initiator in such a relationship, but must be only a willing participant, making occasions for a relationship to develop; and (4) defendant's actions need not be the sole cause of the alienation as long as her conduct was a controlling or effective cause of the alienation.

**2. Fraud— affirmative defense—fraud—failure to specially plead—waiver**

Although defendant contends the trial court erred in an action for alienation of affections by denying defendant's N.C.G.S. § 1A-1, Rule 60(b) motion for relief from judgment based on an alleged fraud, this issue was not preserved for appeal, because: (1) fraud is an affirmative defense that must be specially pleaded as required by N.C.G.S. § 1A-1, Rule 8(c), and failure to plead an affirmative defense results in waiver unless the parties try the issue by express or implied consent, N.C.G.S. § 1A-1, Rule 15(b); and (2) defendant neither pled nor tried the case on this theory, but only made it an issue in her post-trial motion for relief from judgment.

**3. Alienation of Affections— punitive damages—aggravating factors—sexual relationship—additional circumstances**

The trial court did not err in an alienation of affections case by submitting the issue of punitive damages to the jury, because: (1) plaintiff complied with the requirement in N.C.G.S. § 1A-1, Rule 9(k) by averring both malice and willful and wanton conduct as the relevant aggravating factors under N.C.G.S. § 1D-15, and there is no requirement that the complaint state with particularity the circumstances underlying these factors; (2) evidence of "sexual relations" will allow a plaintiff to get to the jury on the issue of punitive damages in a claim for alienation of affections, and plaintiff presented evidence that defendant and plaintiff's husband had sex at least two times; and (3) there was evidence of other aggravating circumstances including that after forming a sexual relationship with plaintiff's husband, defendant accompanied plaintiff's husband when he returned his children to the custody of plaintiff, defendant appeared unannounced at the front door of the marital home asking plaintiff if they could be friends, and defendant arrived in the driveway of the marital home while plaintiff's husband was visiting his children and defendant blew her car horn for plaintiff's husband.

**4. Alienation of Affections— jury instruction—punitive damages—consistent with pattern jury instruction**

Although defendant contends the trial court's jury instruction on punitive damages in an alienation of affections case was confusing, defendant concedes it was consistent with the North Carolina Pattern Jury Instructions, a review of the trial court's

instruction reveals it was entirely consistent with the provisions of Chapter 1D of our general statutes, and any simplified or shortened instruction would violate the requirement that the judge instruct the jury on the law with respect to every substantial feature of the case.

**5. Alienation of Affections— punitive damages—evidence of defendant's assets before determination of compensatory damages—failure to request bifurcated trial**

The trial court did not err in an alienation of affections case by admitting evidence of defendant's assets before the trier of fact determined that compensatory damages were warranted when defendant did not request a bifurcated trial under N.C.G.S. § 1D-30, because: (1) evidence of a defendant's net worth may be considered by the jury in determining the amount of a punitive damages award, N.C.G.S. § 1D-35(i); and (2) defendant's failure to request a bifurcated trial on the issue of punitive damages under N.C.G.S. § 1D-30 rendered this evidence admissible at any time during plaintiff's case-in-chief.

**6. Appeal and Error— preservation of issues—instruction—failure to object**

Although defendant contends the trial court's instruction on future damages in an alienation of affections case was error, this issue is waived because defendant failed to object to this instruction at trial as required by N.C. R. App. P. 10(b)(2).

Judge WALKER dissenting.

Appeal by defendant from order entered 14 June 1999 and judgment entered 28 June 1999 by Judge John M. Gardner in Mitchell County Superior Court. Heard in the Court of Appeals 12 September 2000.

*Harrison & Poore, P.A., by Hal G. Harrison, for the plaintiff-appellee.*

*Ronald W. Howell, P.A., by Ronald W. Howell, for the defendant-appellant.*

LEWIS, Judge.

Plaintiff Patricia Ward brought this action against defendant, Kristen Beaton, seeking compensatory and punitive damages for (1)

alienation of affections, (2) criminal conversation and (3) intentional infliction of emotional distress. At the close of plaintiff's evidence, the court granted defendant's motion for directed verdict as to the criminal conversation and intentional infliction of emotional distress claims. The jury returned a verdict in favor of plaintiff on the alienation of affections claim and awarded plaintiff $52,000 in compensatory damages and $43,000 in punitive damages. Defendant made several post-trial motions, including a motion for judgment notwithstanding the verdict pursuant to N.C.R. Civ. P. 50(b) and (c), a motion for new trial pursuant to N.C.R. Civ. P. 59(a)(9) and a motion for relief from the court's judgment pursuant to N.C.R. Civ. P. 60(b)(1), (2), (3) and (6). The trial court denied each of these motions. Defendant appeals from the court's final judgment and from the court's order denying relief pursuant to Rule 60(b).

[1] Defendant has assigned as error the trial court's denial of her motion for directed verdict on the issue of alienation of affections. On a defendant's motion for directed verdict, the trial court must determine whether the evidence, when considered in the light most favorable to the plaintiff, is sufficient to take the case to the jury. N.C.R. Civ. P. 50(a); *Hutelmyer v. Cox*, 133 N.C. App. 364, 369, 514 S.E.2d 554, 558 (1999), *appeal dismissed*, 351 N.C. 356, —— S.E.2d —— (2000). Where the trial court finds there is more than a scintilla of evidence supporting each element of the plaintiff's claim, the motion for directed verdict should be denied. *Norman Owen Trucking v. Morkoski*, 131 N.C. App. 168, 172, 506 S.E.2d 267, 270 (1998).

To survive a motion for directed verdict on a claim for alienation of affections, the plaintiff must present evidence to show: (1) that there was a marriage with love and affection; (2) that the love and affection was alienated and destroyed; and (3) that the wrongful and malicious acts of defendant produced the loss of love and affection. *Hankins v. Hankins*, 202 N.C. 358, 361, 162 S.E. 766, 767 (1932). The "malicious acts" required have been defined as acts constituting " 'unjustifiable conduct causing the injury complained of.' " *Chappell v. Redding*, 67 N.C. App. 397, 400, 313 S.E.2d 239, 241 (quoting *Heist v. Heist*, 46 N.C. App. 521, 523, 265 S.E.2d 434, 436 (1980)), *disc. review denied*, 311 N.C. 399, 319 S.E.2d 268 (1984).

Plaintiff testified that prior to 1998, plaintiff thought she and her husband had "the perfect marriage." (Tr. at 15.) Plaintiff also testified Mr. Ward was a "good husband" to her and a "good father" to his children. (Tr. at 19.) *See, e.g.*, *Litchfield v. Cox*, 266 N.C. 622, 623, 146

S.E.2d 641, 642 (1966) (holding plaintiff's own testimony that her marriage was a good one sufficient to establish a marriage with love and affection). Plaintiff's evidence also tended to show that the love and affection that once existed between her and her husband was alienated and destroyed by defendant's conduct. Plaintiff began to notice a change in her husband's affections in the late spring of 1998, around the time her husband met defendant. During this time, plaintiff's husband began to "draw away" from home and started missing evening meals with his family. (Tr. at 20-21.) As he was spending less time with plaintiff and his children, he began to spend an increasing amount of time with defendant.

Plaintiff's husband, who at the time was working as a captain at the Mitchell County Sheriff's Department, first met defendant in "early 1998," when he responded to several reports of domestic disputes at her home. (Tr. at 45-46.) In June 1998, defendant began inviting plaintiff's husband to her home, and did so on numerous occasions by contacting him at work. On one occasion she arrived at the police station asking to speak to plaintiff's husband. The officers noticed she emanated a strong odor of alcohol, but she refused to take an alkasensor test and insisted that plaintiff's husband drive her home. The increasing amount of time that defendant and plaintiff's husband were spending together culminated in plaintiff's husband moving into defendant's home on 4 July 1998, where he stayed for about two weeks. The evidence indicated that a sexual relationship developed between the defendant and plaintiff's husband during this time.

We conclude this evidence was sufficient to overcome defendant's motion for directed verdict. However, the defendant maintains that absent any evidence that defendant "lured" plaintiff's husband away, the evidence on the claim of alienation of affections could not be submitted to the jury. To the contrary, "luring" by the defendant is not required to sustain a claim for alienation of affections. *Scott v. Kiker*, 59 N.C. App. 458, 464, 297 S.E.2d 142, 146 (1982). A defendant need not even be the initiator in such a relationship, but must be only a willing participant, making occasions for a relationship to develop. *Heist*, 46 N.C. App. at 525, 265 S.E.2d at 437. In addition, the defendant maintains the Wards' marriage was strained before defendant entered the picture. Even so, the defendant's actions need not be the sole cause of the alienation. As long as her conduct was a "controlling" or "effective" cause of the alienation, plaintiff may prevail even in the face of other contributing factors. *Bishop v. Glazener*, 245 N.C.

592, 596, 96 S.E.2d 870, 873 (1957). We find the evidence sufficient to suggest that the defendant was the effective cause of the alienation in this case.

[2] In support of her Rule 60(b) motion for relief from judgment, the defendant submitted evidence of a consent order entering a divorce from bed and board between the plaintiff and her husband on 5 August 1998, the same day the complaint in this action was filed. This consent order relieved Mr. Ward of payment of alimony, post-separation support and child support. Defendant asserts on appeal that the findings in the consent order alleviating Mr. Ward of these responsibilities evidence a fraudulent scheme on the part of plaintiff and her husband in filing this claim for alienation of affections. Defendant contends the fraud indicated by the consent order required the trial court to direct a verdict in defendant's favor.

Fraud is an affirmative defense that must be specially pleaded. N.C.R. Civ. P. 8(c). Failure to plead an affirmative defense ordinarily results in waiver of the defense. *Nationwide Mut. Insur. Co. v. Edwards*, 67 N.C. App. 1, 6, 312 S.E.2d 656, 660 (1984). The parties may, however, still try the issue by express or implied consent. N.C.R. Civ. P. 15(b). Defendant neither pled nor tried the case on this theory, but only made it an issue in her post-trial motion for relief from judgment. Accordingly, she cannot now present it on appeal.

[3] Defendant also contends the trial court erred in submitting the issue of punitive damages to the jury. Defendant first contends plaintiff's demand for punitive damages did not comply with the requirements set forth in Rule 9(k) of the North Carolina Rules of Civil Procedure. Rule 9(k) states, "A demand for punitive damages shall be specifically stated, except for the amount, and the aggravating factor that supports the award of punitive damages shall be averred with particularity." One of the following aggravating factors listed in N.C. Gen. Stat. § 1D-15 must be established to recover punitive damages: (1) fraud, (2) malice or (3) willful or wanton conduct. In accordance with Rule 9(k), plaintiff's complaint averred both malice and willful and wanton conduct as the relevant aggravating factors under G.S. 1D-15. Absent any additional requirement in the statute that the complaint state with particularity the circumstances underlying these factors, we find the pleadings in compliance with Rule 9(k).

Defendant also challenges the sufficiency of the evidence to support the award of punitive damages based on malice or willful or wanton conduct. It is well settled that punitive damages may be awarded

in an action for alienation of affections. *Heist*, 46 N.C. App. at 527, 265 S.E.2d at 438; *see also* N.C. Gen. Stat. § 1D-1 (1999) ("Punitive damages may be awarded, in an appropriate case . . . , to punish a defendant for egregiously wrongful acts."). In order for the question of punitive damages to be submitted to the jury, however, there must be evidence of circumstances of aggravation beyond the proof of malice necessary to satisfy the elements of the tort to sustain a recovery of compensatory damages. *Chappell v. Redding*, 67 N.C. App. 397, 403, 313 S.E.2d 239, 243 (1984). Specific circumstances of aggravation include "willful, wanton, aggravated or malicious conduct." *Heist*, 46 N.C. App. at 526-27, 265 S.E.2d at 438; *see also* N.C. Gen. Stat. § 1D-15 (1999).

Evidence of "sexual relations" will allow a plaintiff to get to the jury on the issue of punitive damages in a claim for alienation of affections. 1 Suzanne Reynolds, *Lee's North Carolina Family Law*, § 5.48(c) (5th ed. 1993); *see also Hutelmyer v. Cox*, 133 N.C. App. at 371, 514 S.E.2d at 560 (finding sufficient aggravating factors where defendant engaged in sexual relationship with plaintiff's husband, publically displayed the affair, welcomed him into her home numerous times and called plaintiff's home to determine his whereabouts); *Jennings v. Jessen*, 103 N.C. App. 739, 744, 407 S.E.2d 264, 267 (1991) (finding sufficient aggravating factors where defendant engaged in sexual intercourse with plaintiff's husband, as well as "cohabited for several weeks with [him] and was audacious enough to call plaintiff's home in an attempt to discover [his] whereabouts"); *Shaw v. Stringer*, 101 N.C. App. 513, 517, 400 S.E.2d 101, 103 (1991) (finding sufficient aggravating factors where defendant had sexual intercourse with plaintiff's wife, ignored plaintiff's request not to visit the marital home and laughed when plaintiff's wife told him that plaintiff knew of the relationship). On the other hand, plaintiffs who have failed to prove sexual relations have lost their claims for punitive damages. *Cottle v. Johnson*, 179 N.C. 426, 431, 102 S.E. 769, 771 (1920) (ordering new trial where plaintiff received punitive damages for alienation of affections in case in which plaintiff did not make out criminal conversation); *Chappell*, 67 N.C. App. at 403, 313 S.E.2d at 243 (ordering on remand the trial court submit only to compensatory damages; no evidence of sexual relations); *Heist*, 46 N.C. App. at 527, 265 S.E.2d at 438 (affirming trial court's refusal to enter judgment on punitive damages; no evidence of sexual relations); 1 Suzanne Reynolds, *Lee's North Carolina Family Law*, § 5.48(c) (5th ed. 1993*)*.

We find sufficient evidence of additional circumstances of aggravation justifying punitive damages here. The plaintiff presented evidence that the defendant and plaintiff's husband "had sex" at least two times. (Tr. at 55.) In addition, there was evidence of other aggravating circumstances. Specifically, after forming a sexual relationship with plaintiff's husband, the defendant accompanied him when he returned his children to the custody of the plaintiff. On a later date, the defendant appeared unannounced at the front door of the marital home, asking plaintiff if they could be friends. Again, about a week later, defendant arrived in the driveway of the marital home while plaintiff's husband was visiting his children, blowing the car horn for plaintiff's husband. The plaintiff walked outside and recognized the defendant, who subsequently drove away without Mr. Ward. We find this evidence of additional circumstances of aggravation sufficient to warrant submission of the punitive damages issue to the jury on plaintiff's claim for alienation of affections.

[4] Defendant also contends the court's jury instruction on punitive damages was confusing, but concedes that it was consistent with the North Carolina Pattern Jury Instructions. Specifically, defendant argues the proper considerations to be made by the jury are set forth in a disorganized manner, and thus did not meet the requirement that the judge explain the law. We have reviewed the court's instruction on punitive damages and find it to be entirely consistent with the provisions of Chapter 1D of our general statutes, outlining the procedure for establishing and awarding punitive damages. Any simplified or shortened instruction would, in our opinion, violate the requirement that the judge instruct the jury on the law with respect to every substantial feature of the case. N.C.R. Civ. P. 51(a); *Mosley & Mosley Builders v. Landin Ltd.*, 87 N.C. App. 438, 445, 361 S.E.2d 608, 612 (1987).

[5] Defendant next contends the court erred in admitting evidence of defendant's assets before the trier of fact determined that compensatory damages were warranted. Defendant argues this premature admission of evidence tainted the jury's verdict for compensatory damages. Plaintiff, on the other hand, maintains that defendant's failure to request a bifurcated trial on the issue of punitive damages under N.C. Gen. Stat. § 1D-30 rendered this evidence admissible at any time during plaintiff's case-in-chief. We agree.

It is clear that evidence of a defendant's net worth may be considered by the jury in determining the amount of a punitive damages

award. N.C. Gen. Stat. § 1D-35(i) (listing as a permissible factor to be considered "[t]he defendant's ability to pay punitive damages, as evidenced by its revenues or net worth") N.C. Gen. Stat. § 1D-30 sets forth the procedural safeguard of bifurcation, stating:

> *Upon the motion of a defendant,* the issues of liability for compensatory damages and the amount of compensatory damages, if any, shall be tried separately from the issues of liability for punitive damages and the amount of punitive damages, if any. Evidence relating solely to punitive damages shall not be admissible until the trier of fact has determined that the defendant is liable for compensatory damages and has determined the amount of compensatory damages. The same trier of fact that tried the issues relating to compensatory damages shall try the issues relating to punitive damages.

(Emphasis added.) The language of G.S. 1D-30 makes clear that the defendant is not entitled to bifurcation until the defendant files such a motion. *See also* N.C.R. Civ. P. 42(b) ("The court may in furtherance of convenience or to avoid prejudice and shall for considerations of venue *upon timely motion* order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, crossclaims, counterclaims, third-party claims, or issues.") (Emphasis added). Because the defendant here failed to move for a bifurcated trial under the provisions of G.S. 1D-30, evidence regarding her net worth was admissible at any time during plaintiff's case-in-chief.

[6] Defendant next contends the trial court's instruction on future damages was error. The defendant admits on appeal her failure to object to this instruction at trial. Accordingly, defendant is prohibited from raising this issue on appeal and we will not address it. N.C.R. App. P. 10(b)(2).

We have reviewed defendant's remaining assignment of error and find it to be without merit.

Affirmed.

Judge HUNTER concurs

Judge WALKER dissents.

WARD v. BEATON

[141 N.C. App. 44 (2000)]

Judge WALKER dissenting.

I respectfully dissent from the majority opinion which affirms the judgment of the trial court.

In this case, Michael Ward was the "star" witness for the plaintiff, although he testified he had been subpoened. He was the only witness to testify that he and defendant engaged in a sexual relationship, that defendant showed affection toward him, that he lived with defendant for about two weeks, that defendant received alimony and that defendant's father set up "one or two million dollars" for her. All of this testimony was denied by the defendant.

At the close of plaintiff's evidence, defendant moved for a directed verdict on the claims of alienation of affections and criminal conversation. The trial court allowed the motion as to the claim for criminal conversation stating that the plaintiff failed to produce "legal and sufficient evidence the defendant committed the specific act of sexual intercourse required to show the existence of that tort."

Defendant's motion pursuant to Rule 60(b)(1)(2)(3) and (6) sets forth the following in part:

(1) On 23 July 1998, plaintiff filed an action against her husband, Michael Ward, alleging an adulterous relationship by Mr. Ward and that he abandoned plaintiff and the children (*Ward v. Ward*, 98 CVD 201).

(2) On 6 August 1998, plaintiff filed a consent order in which she waived alimony and post-separation support and Mr. Ward was ordered to pay child support.

(3) Immediately thereafter, on 6 August 1998, plaintiff filed this action (98 CVS 209).

(4) Following the consent order, Michael Ward did not pay specified child support; however, plaintiff filed an affidavit excusing and explaining Mr. Ward's failure to pay.

(5) Following the trial on 10 and 11 March 1999, defendant in this case discovered in the *Ward v. Ward* file plaintiff's statement releasing Michael Ward from paying $900.00 and a letter dated 26 March 1999 from plaintiff's counsel stating that plaintiff and Michael Ward had reconciled and plaintiff requested that her husband's child support obligation be terminated.

Defendant argues that under Rule 60(b)(6), the judgment should be set aside because (1) extraordinary circumstances exist, and (2) justice demands that relief be granted. In support of her argument, defendant points to the sequence of events beginning with the filing of the action in *Ward v. Ward* on 23 July 1998 and ending with the reconciliation on 26 March 1999, which raises a question of whether plaintiff and Mr. Ward "connived" or "colluded" in pursuing these claims against defendant. I agree the highly unusual events in this case demand that a new trial be ordered on plaintiff's claim of alienation of affections and her entitlement, if any, to compensatory damages.

After careful review, I conclude the evidence does not support an issue of punitive damages. In a similar case, this Court has held:

> It is incumbent on the plaintiff to show circumstances of aggravation in addition to the malice implied by law from the conduct of defendant in causing the separation of plaintiff and her husband which was necessary to sustain a recovery of compensatory damages. *Cottle v. Johnson*, 179 N.C. 426, 102 S.E. 769 (1920). In the present case, the wrongful conduct of defendant in permitting plaintiff's husband to visit her at her residence with knowledge of the marital discord which these visitations produced and over plaintiff's protests was sufficient to establish the tort. However, we are of the opinion that plaintiff has not shown such circumstances of aggravation in addition to the above conduct of defendant to justify the submission of the punitive damage issue to the jury.

*Heist v. Heist*, 46 N.C. App. 521, 527, 265 S.E.2d 434, 438 (1980).

In a later case, this Court further stated that punitive damages may be awarded where the defendant's conduct was willful, aggravated, malicious or of a wanton character. *See Chappell v. Redding*, 67 N.C. App. 397, 403, 313 S.E.2d 239, 243 (1984). There must be some circumstances of aggravation in addition to the malice implied by law from the conduct of a defendant in alienating the affection between the spouses, which is necessary to sustain compensatory damages. *Id.* Here, it is apparent that the jury was influenced by the prejudicial evidence from the Register of Deeds and Mr. Ward concerning the wealth of the defendant.

There is no evidence of aggravated conduct on the part of the defendant. The only aggravated conduct in this case was on the part

of Mr. Ward when he admitted to having consumed alcoholic beverages before and during his visits at defendant's residence in July of 1998.

In sum, for the reasons stated, the judgment should be vacated and a new trial ordered on the plaintiff's claim of alienation of affections and her entitlement, if any, to compensatory damages.