TYSON, Judge.
James Leslie Javurek ("plaintiff") appeals the trial court's order granting Sharon Dunigan Jumper's ("defendant") motion for summary judgment. We affirm.
I. Background
Plaintiff met defendant, an attorney formerly licensed in North Carolina, through a mutual acquaintance in October 2000. They discussed the possibility of defendant representing plaintiff regarding tax issues. Plaintiff had failed to file federal and state tax returns over the course of several years. The parties established an attorney-client relationship and plaintiff wrote a check for $2,000.00 to defendant. Plaintiff consulted with defendant over a course of action to defend him against a potential criminal tax indictment. Defendant counseled plaintiff about possibly filing a civil action against a third party who previously advised plaintiff not to file his taxes. Plaintiff paid defendant an additional $15,000.00 to begin construction of the lawsuit. In December 2000, defendant told plaintiff that the civil action could no longer be pursued due to potential violations of the North Carolina Rules of Civil Procedure and Code of Professional Conduct. Defendant proposed another course of action, which plaintiff declined to follow. Plaintiff requested refund of the $15,000.00 fee from defendant. Defendant refused, calling the payment a "non-refundable flat fee."
Plaintiff sought restitution through various channels such as fee dispute resolution, grievance proceedings, and criminal charges against defendant. Plaintiff later learned that defendant: (1) had several liens levied for her failure to pay employment taxes; (2) was a party to civil proceedings as a defendant; (3) was charged with five instances of obtaining property by false pretenses; (4) entered a guilty plea to a charge of Financial Transaction Card Fraud under N.C. Gen. Stat. § 14-113.13(a)(2)(d); and (5) was disbarred from the North Carolina State Bar for misappropriating money from her client trust account and failing to perfect criminal and civil proceedings for her clients.
On 6 December 2002, plaintiff filed a pro se complaint against defendant for: (1) legal negligence; (2) legal malpractice; (3) fraud and/or constructive fraud; (4) defamation per se and/or libelper se; (5) breach of contract and/or quantum meruit; and (6) punitive damages. Defendant answered on 6 January 2003. Plaintiff submitted several affidavits and documents relating to third-party complaints against defendant. Defendant filed a Motion in Limine requesting that the trial court not consider plaintiff's "extrinsic evidence" pertaining to "collateral issues," which the trial court granted on 3 July 2003. Both parties simultaneously filed motions for summary judgment. Plaintiff's motion was denied. The trial court later granted defendant's motion on 16 September 2003. Plaintiff appeals.
II. Issue
The issue before this Court is whether the trial court erred in granting defendant's motion for summary judgment on plaintiff's six claims.
III. Plaintiff's Claims Against Defendant
Plaintiff asserts the trial court erred in granting summary judgment in favor of defendant for the six claims filed: (1) legal negligence; (2) legal malpractice; (3) fraud and/or constructive fraud; (4) defamation per se and/or libel per se; (5) breach of contract and/or quantum meruit; and (6) punitive damages. We disagree. First, we discuss the applicable law governing each of plaintiff's claims. Second, we consider whether summary judgment was properly entered on each claim.
A. Negligence
A claim of negligence requires plaintiff to establish that the defendant owed the plaintiff a legal duty, defendant breached that duty, and plaintiff's injury was proximately caused by the breach. Hunt v. N.C. Dept of Labor, 348 N.C. 192, 195, 499 S.E.2d 747, 749 (1998) (citations omitted). The defendant, owing a duty, must fail
to exercise the degree of care that a reasonable and prudent person would exercise under similar conditions, Hart v. Ivey, 332 N.C. 299, 420 S.E.2d 174 (1992), or where such a defendant of ordinary prudence would have foreseen that plaintiff's injury was probable under the circumstances, Pittman v. Frost, 261 N.C. 349, 134 S.E.2d 687 (1964).
Martishius v. Carolco Studios, Inc., 355 N.C. 465, 473, 562 S.E.2d 887, 892 (2002).
B. Legal Malpractice
A plaintiff alleging legal malpractice must prove: "(1) that the attorney breached the duties owed to his client . . . and that this negligence (2) proximately caused (3) damage to the plaintiff." Rorrer v. Cooke, 313 N.C. 338, 355, 329 S.E.2d 355, 366 (1985) (citations omitted).
In a negligence action alleging legal malpractice, summary judgment for the defendant is proper where the evidence fails to establish negligence on the part of the defendant, establishes contributory negligence on the part of the plaintiff, or establishes that the alleged negligent conduct was not the proximate cause of the injury.
Belk v. Cheshire, 159 N.C. App. 325, 328, 583 S.E.2d 700, 703 (2003).
C. Fraud and/or Constructive Fraud
The essential elements of fraud are: "(1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." Rowan County Bd. of Education v. U.S. Gypsum Co., 332 N.C. 1, 17, 418 S.E.2d 648, 658-59 (1992) (citations omitted). The representation must be "definite and specific," distinguishing it from "puffing, guesses, or assertions of opinions . . . . " Id. at 17, 418 S.E.2d at 659 (citations omitted).
Constructive fraud requires plaintiffs to show "that they and defendants were in a 'relation of trust and confidence . . . [which] led up to and surrounded the consummation of the transaction in which defendant is alleged to have taken advantage of his position of trust to the hurt of plaintiff.'" Barger v. McCoy Hillard & Parks, 346 N.C. 650, 666, 488 S.E.2d 215, 224 (1997) (quoting Rhodes v. Jones, 232 N.C. 547, 549, 61 S.E.2d 725, 726 (1950)). "Constructive fraud differs from actual fraud in that 'it is based on a confidential relationship rather than a specific misrepresentation.'" Barger, 346 N.C. at 666, 488 S.E.2d at 224 (quoting Terry v. Terry, 302 N.C. 77, 85, 273 S.E.2d 674, 678-79 (1981)). The "relationship of attorney and client creates such a relationship of trust and confidence." Fox v. Wilson, 85 N.C. App. 292, 299, 354 S.E.2d 737, 742 (1987) (citations omitted). The plaintiff's evidence must prove the defendant sought to benefit herself. Barger, 346 N.C. at 666, 488 S.E.2d at 224.
D. Slander and Libel per se
Under North Carolina Law, slander per se is "an oral communication to a third person which amounts to (1) an accusation that the plaintiff committed a crime involving moral turpitude; (2)an allegation that impeaches the plaintiff in his trade, business, or profession; or (3) an imputation that the plaintiff has a loathsome disease." Phillips v. Winston-Salem/Forsyth County Bd. of Educ., 117 N.C. App. 274, 277, 450 S.E.2d 753, 756 (1994) (citations omitted), disc. rev. denied, 340 N.C. 115, 456 S.E.2d 318 (1995).
Libel per se is
a publication by writing, printing, signs or pictures which, when considered alone without innuendo, colloquium or explanatory circumstances: (1) charges that a person has committed an infamous crime; (2) charges a person with having an infectious disease; (3) tends to impeach a person in that person's trade or profession; or (4) otherwise tends to subject one to ridicule, contempt or disgrace.
Renwick v. News and Observer and Renwick v. Greensboro News, 310 N.C. 312, 317, 312 S.E.2d 405, 409 (1984) (citing Flake v. Greensboro News Co., 212 N.C. 780, 787, 195 S.E. 55, 60 (1938)), reh'g denied, 310 N.C. 749, 315 S.E.2d 704 (1984), cert. denied, 469 U.S. 858, 83 L. Ed. 2d 121 (1984). The publication need not include the imputation of a crime, moral turpitude, or immoral conduct. Arnold v. Sharpe, 296 N.C. 533, 537, 251 S.E.2d 452, 455 (1979) (citing Kindley v. Privette, 241 N.C. 140, 84 S.E.2d 660 (1954)). However, the words must be of such a nature that the trial court "can presume as a matter of law that they tend to disgrace and degrade the party or hold him up to public hatred, contempt or ridicule, or cause him to be shunned and avoided." Flake, 212 N.C. at 786, 195 S.E. at 60.
E. Breach of Contract and Quantum Meruit
A claim for breach of contract requires the showing of a valid contract that "existed between the parties, that defendant breached the terms thereof, the facts constituting the breach, and that damages resulted from such breach." Claggett v. Wake Forest University, 126 N.C. App. 602, 608, 486 S.E.2d 443, 446 (1997) (citing RGK, Inc. v. Guaranty Co., 292 N.C. 668, 235 S.E.2d 234 (1977); Cantrell v. Woodhill Enterprises, Inc., 273 N.C. 490, 160 S.E.2d 476 (1968)).
Our Supreme Court defined the remedy of quantum meruit as
a measure of recovery for the reasonable value of services rendered in order to prevent unjust enrichment. Potter v. Homestead Preservation Ass'n, 330 N.C. 569, 578, 412 S.E.2d 1, 7 (1992); see also Dan B. Dobbs, Dobbs Law of Remedies § 4.2(3) (2d ed. 1993). It operates as an equitable remedy based upon a quasi contract or a contract implied in law. Potter, 330 N.C. at 578, 412 S.E.2d at 7. "A quasi contract or a contract implied in law is not a contract." Booe v. Shadrick, 322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988). An implied contract is not based on an actual agreement, and quantum meruit is not an appropriate remedy when there is an actual agreement between the parties. Id. Only in the absence of an express agreement of the parties will courts impose a quasi contract or a contract implied in law in order to prevent an unjust enrichment. Id.
Whitfield v. Gilchrist, 348 N.C. 39, 42, 497 S.E.2d 412, 414-15 (1998).
F. Punitive Damages
"Punitive damages may be awarded, in an appropriate case . . . . to punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts." N.C. Gen. Stat. § 1D-1 (2003); see also Rhyne v. K-MartCorp., 358 N.C. 160, 166-67, 594 S.E.2d 1, 6-7 (2004). The claimant must prove one of the following aggravating factors to recover punitive damages: (1) fraud; (2) malice; or (3) willful or wanton conduct. Ward v. Beaton, 141 N.C. App. 44, 49, 539 S.E.2d 30, 34 (2000), cert. denied, 353 N.C. 398, 547 S.E.2d 431 (2001); N.C. Gen. Stat. § 1D-15(a) (2003). The aggravating factors must be "averred with particularity" and proved by clear and convincing evidence. N.C. Gen. Stat. § 1A-1, Rule 9(k) (2003); N.C. Gen. Stat. § 1D-15(b) (2003); see also Burgess v. Busby, 142 N.C. App. 393, 409-10, 544 S.E.2d 4, 13 (2001), reh'g denied, 555 N.C. 224, 559 S.E.2d 554 (2001).
G. Analysis
1. Standard of Review
This Court reiterated the standard of review of a trial court's grant of summary judgment in Hoffman v. Great Am. Alliance Ins. Co., ___ N.C. App. ___, 601 S.E.2d 908 (2004).
Our standard to review the grant of a motion for summary judgment is whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. Draughon v. Harnett Cty. Bd. of Educ., 158 N.C. App. 705, 707-08, 582 S.E.2d 343, 345 (2003), aff'd, 358 N.C. 137, 591 S.E.2d 520 (2004), reh'g denied, 358 N.C. 381, 597 S.E.2d 129 (2004) (citing Willis v. Town of Beaufort, 143 N.C. App. 106, 108, 544 S.E.2d 600, 603, disc. rev. denied, 354 N.C. 371, 555 S.E.2d 280 (2001)); see also N.C. Gen. Stat. § 1A-1, Rule 56©) (2003). A defendant may show entitlement to summary judgment by "(1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense." Draughon, 158 N.C. App. at 708, 582 S.E.2d at 345 (quoting James v. Clark, 118 N.C. App. 178, 181, 454 S.E.2d 826, 828, disc. rev. denied, 340 N.C. 359, 458 S.E.2d 187 (1995)). "Once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a prima facie case at trial.'" Draughon, 158 N.C. App. at 708, 582 S.E.2d at 345 (quoting Gaunt v. Pittaway, 139 N.C. App. 778, 784-85, 534 S.E.2d 660, 664, disc. rev. denied, 353 N.C. 262, 546 S.E.2d 401 (2000), cert. denied, 353 N.C. 371, 547 S.E.2d 810 (2001)).
Id. at ___, 601 S.E.2d at 911.
2. Plaintiff's Claims
Here, defendant's motion for summary judgment asserted three factors: (1) plaintiff failed to properly plead the essential elements of his six claims; (2) plaintiff failed to produce substantial evidence as to the prima facie elements of each of the claims; and (3) despite discovery requests and motions to compel, plaintiff failed to respond and produce any evidence to support his claims. See Hoffman, ___ N.C. App. at ___, 601 S.E.2d at 911.
A summary judgment hearing was held on 25 August 2003. The trial court provided the pro se plaintiff every opportunity to present evidence to defend against defendant's motion for summary judgment. The court took time to explain to plaintiff the procedure involved and what was expected of him: "[Y]ou have the burden of proof, and you've raised certain allegations. You say she committed legal malpractice, she committed fraud, she committed constructive fraud, libel and slander. You have the burden of proving those things through some method." Up to that point, plaintiff had submitted affidavits from other individuals who had complained of defendant's behavior. However, the trial court had earlier ruled such "extrinsic evidence" based on "collateral issues" was inadmissible. In addition, plaintiff either failed to respond to defendant's discovery requests or answered them by "pleading the Fifth Amendment." At the hearing, plaintiff did not introduce any substantial or admissible evidence to support any of his claims.
Following the hearing, the trial court found that:
4. Plaintiff failed to plead or prove each element of his causes of action in his Complaint.
5. Even when viewed in the light most favorable to Plaintiff, the pleadings, discovery responses and admissions on file, together with the affidavits and those exhibits admitted into evidence, show that Plaintiff has neither pled nor presented evidence to show that there is any genuine issue as to any material fact in any of his allegations against Defendant.
6. For the reasons cited in the Findings and Conclusions above, Defendant's Motion for Summary Judgment is granted.
Our review of the record and transcripts shows plaintiff exerted a considerable amount of time and effort to present his case to the trial court. His pleadings provided a thorough discussion of the background of the case and the underlying elements of each claim. However, his numerous and substantial submissions to the court and his arguments did not "produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a prima facie case at trial." Hoffman, ___ N.C. App. at ___, 601 S.E.2d at 911 (citations omitted).
Plaintiff did not present any substantial or admissible evidence to support his allegations of legal negligence, legal malpractice, fraud and/or constructive fraud, defamation per se and/or libel per se, breach of contract and/or quantum meruit, and punitive damages.
He failed to establish through proffer of evidence the essential elements of his claims for relief. There is no indication that: (1) defendant owed plaintiff a legal duty which she breached, and which also proximately caused plaintiff's injury, Hunt, 348 N.C. at 195, 499 S.E.2d at 749; (2) defendant breached her duties to plaintiff as his attorney and that this negligence proximately caused and damaged plaintiff, see Rorrer, 313 N.C. at 355, 329 S.E.2d at 366; and (3) defendant, in her position as plaintiff's attorney, intended to and in fact deceived him by falsely representing or concealing material facts, which led to plaintiff's injury, see U.S. Gypsum Co., 332 N.C. at 17, 418 S.E.2d at 658-59; see also Barger, 346 N.C. at 666, 488 S.E.2d at 224.
Plaintiff further failed to prove that: (1) defendant defamed him through spoken or written words accusing plaintiff of committing an infamous crime, suffering from an infectious disease, to be unable to properly perform his trade or profession, or subjected plaintiff to ridicule, contempt or disgrace, see Phillips, 117 N.C. App. at 277, 450 S.E.2d at 756; see also Renwick, 310 N.C. at 317-18, 312 S.E.2d at 408-09; (2) defendant breached the contract detailing her representation of plaintiff, which caused plaintiff's injury, see Claggett, 126 N.C. App. at 608, 486 S.E.2d at 446; and (3) defendant's alleged actions against plaintiff were aggravated by the existence of fraud, malice, or willful and wanton conduct, see Ward, 141 N.C. App. at 49, 539 S.E.2d at 34.
IV. Conclusion
The trial court carefully explained plaintiff's burden to him and properly granted summary judgment. Plaintiff failed to forecast or proffer competent evidence to support the essential elements of any of his six claims against defendant, either during discovery or at the hearings. Defendant was entitled to judgment as a matter of law. The trial court's judgment is affirmed.
Affirmed.
Judges WYNN and MCGEE concur.
Report per Rule 30(e).