IN THE MATTER OF: D.R.S., W.J.S., MINOR CHILDREN

COA06-504

(Filed 2 January 2007)

**1. Termination of Parental Rights— subject matter jurisdiction—personal service at permanency hearing—summons not required**

The trial court had subject matter jurisdiction to terminate parental rights where the action began with a petition alleging neglect and dependency; the motion for termination was filed

IN RE D.R.S., W.J.S.

[181 N.C. App. 136 (2007)]

more than two years later, so that petitioner was required to serve the motion pursuant to N.C.G.S. § 1A-1, Rule 4; and the motion for termination and the notice were personally served on respondent at a permanency planning hearing. A summons is not required.

**2. Appeal and Error— preservation of issues—service of process—not raised before appeal—waiver**

An issue regarding service of process in a termination of parental rights hearing was waived where there was no objection at trial.

**3. Appeal and Error— preservation of issues—defenses—not raised below—waiver**

Defenses of collateral estoppel and res judicata were waived in a termination of parental rights case where they were raised for the first time on appeal.

Appeal by respondent-mother from judgment entered 9 August 2005 by Judge C. Thomas Edwards in Caldwell County District Court. Heard in the Court of Appeals 2 November 2006.

*Caldwell County Department of Social Services, by Lauren Vaughan, for petitioner-appellee.*

*Michael E. Casterline, for respondent-mother.*

*Michael D. Correll, for respondent-father.*

*Womble Carlyle Sandridge and Rice, by G. Wriston Marshburn, Jr., for Guardian ad Litem.*

LEVINSON, Judge.

Respondent, the mother of the minor children W.J.S. and D.R.S. appeals from an order terminating her parental rights in the children. We affirm.

On 24 March 2000 the petitioner, Caldwell County Department of Social Services (DSS), filed petitions alleging that W.J.S., D.R.S., and another juvenile were neglected and dependent. On 26 April 2000 the children were adjudicated dependent, and placed in the custody of petitioner. On 17 June 2002 petitioner filed a petition to terminate respondent's parental rights in the minor children. After a hearing the trial court on 12 May 2004 entered an order finding that grounds

existed for termination of parental rights, but that termination was not in the best interests of the children. On 14 December 2004 petitioner filed a motion in the cause seeking termination of parental rights. The petitioner personally served the motion and accompanying notice on respondent at a permanency planning hearing. Following a hearing on the termination of parental rights motion, the trial court on 9 August 2005 entered an order on termination. From this order respondent timely appealed.

**[1]** Respondent argues that petitioner failed to follow the requirements of N.C. Gen. Stat. § 7B-1102 and § 7B-1106.1 and that, as a result, the trial court lacked subject matter jurisdiction over the termination of parental rights proceeding. We disagree.

At issue is the trial court's subject matter jurisdiction. "Jurisdiction is '[t]he legal power and authority of a court to make a decision that binds the parties to any matter properly brought before it.' " *In re T.R.P.*, 360 N.C. 588, 595, 636 S.E.2d 787, —— (2006) (quoting BLACK'S LAW DICTIONARY 856 (7th ed. 1999)). " 'Subject matter jurisdiction cannot be conferred upon a court by consent, waiver or estoppel, and therefore failure to . . . object to the jurisdiction is immaterial.' " *In re T.R.P.*, *id.* (quoting *In re Sauls*, 270 N.C. 180, 187, 154 S.E.2d 327, 333 (1967)). "Moreover, a court's inherent authority does not allow it to act where it would otherwise lack jurisdiction." *In re McKinney*, 158 N.C. App. 441, 443, 581 S.E.2d 793, 795 (2003).

"Under N.C.G.S. § 7B-405 [(2005)], an 'action is commenced by the filing of a petition in the clerk's office[.]' " *In re P.L.P.*, 173 N.C. App. 1, 6, 618 S.E.2d 241, 245 (2005). In the instant case, the action was commenced in April 2000 when DSS filed a petition alleging neglect and dependency. The motion for termination of parental rights was not filed until more than two years after the original action in the case, bringing into play certain provisions of N.C. Gen. Stat. § 7B-1102 (2005):

    (a) When the district court is exercising jurisdiction over a juvenile . . . [an] agency specified in G.S. 7B-1103(a) may file in that proceeding a motion for termination of the parent's rights[.]

    (b) A motion pursuant to subsection (a) of this section and the notice required by G.S. 7B-1106.1 shall be served in accordance with G.S. 1A-1, Rule 5(b), except:

(1) Service must be in accordance with G.S. 1A-1, Rule 4, if . . . c. Two years has elapsed since the date of the original action.

N.C. Gen. Stat. § 7B-1102(a)(b)(1)c (2005). Thus, petitioner was required to serve the motion for termination of parental rights and the notice required by N.C. Gen. Stat. § 7B-1106 pursuant to the procedures set out in N.C. G. S. § 1A-1, Rule 4 (2005). In this regard, Rule 4 provides in pertinent part that:

(c) . . . Personal service . . . as prescribed by Rule 4(j)(1) a and b must be made [after] . . . issuance of summons. When a summons has been served . . . it shall be returned immediately to the clerk who issued it, with notation thereon of its service.

(j) . . . In any action commenced in a court of this State . . . the manner of service of process within or without the State shall be as follows:

(1) Natural Person. . . . [U]pon a natural person by one of the following:

(a) By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.

In the instant case, it is uncontradicted that both the motion for termination of parental rights and the notice were personally served on respondent at a permanency planning hearing. Under G. S. § 1A-1, Rule 4(j)(1)(a), personal service is an acceptable means of service.

Further, respondent does not argue that the content of either the motion or notice was inadequate. Rather, she argues that petitioner was required to issue a summons instead of a notice, and that the failure to issue a summons stripped the court of jurisdiction. However, G.S. § 7B-1102(b) merely directs the petitioner to serve the motion and notice pursuant to Rule 4, and nowhere suggests that petitioner must issue a summons instead of or in addition to these documents. We conclude that the statute does not require that a summons be issued.

[2] Respondent also asserts that, inasmuch as petitioner failed to issue a summons, it necessarily failed to properly document the service of the nonexistent summons, in that petitioner did not file a return of service with the clerk. Even assuming, *arguendo*, that respondent

thereby preserved the issue of the return of service of the motion and notice, respondent waived the issue of service of process by failing to object at the trial level. "In the instant case, respondents made no objection at trial regarding any lack of notice of the proceeding. Furthermore, they were represented by counsel and participated in the termination of parental rights hearing. Respondents have waived their right to now object to the adequacy of notice. This assignment of error is without merit." *In re B.M., M.M., An.M, & Al.M.*, 168 N.C. App. 350, 356, 607 S.E.2d 698, 702 (2005). This assignment of error is overruled.

---

**[3]** Respondent argues next that the proceedings for termination of parental rights were barred by principles of collateral estoppel and *res judicata*. However, respondent raises the defenses of collateral estoppel and *res judicata* for the first time on appeal, and thus failed to properly preserve the issue.

N.C. Gen. Stat. § 1A-1, Rule 8(c) (2005) provides in pertinent part that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively . . . estoppel, . . . *res judicata*, . . . and any other matter constituting an avoidance or affirmative defense." Rule 8(c). "Failure to plead an affirmative defense ordinarily results in waiver of the defense. . . . [Respondent] neither pled nor tried the case on this theory[.] . . . Accordingly, she cannot now present it on appeal." *Ward v. Beaton*, 141 N.C. App. 44, 49, 539 S.E.2d 30, 34 (2000) (citing *Nationwide Mut. Insur. Co. v. Edwards*, 67 N.C. App. 1, 6, 312 S.E.2d 656, 660 (1984)); *see also* N.C.R. App. P. 10(b)(1) ("to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make . . . [and] obtain[ed] a ruling upon the party's request, objection or motion."). This assignment of error is overruled.

For the reasons discussed above, we conclude that the order for termination of parental rights should be

Affirmed.

Judges GEER and JACKSON concur.