IN THE MATTER OF: C.A.G. A Minor Child.
No. COA08-1489.
Court of Appeals of North Carolina.
Filed May 19, 2009.
This case not for publication
Stephen M. Schoeberle for Petitioner Burke County Department of Social Services.
Michael E. Casterline for Respondent.
Pamela Newell Williams for Guardian ad Litem.
STEPHENS, Judge.

I. FACTS and PROCEDURE

Respondent is the biological father of C.A.G. ("the child"). On 13 August 2007, when the child was approximately three months old, Petitioner, the Burke County Department of Social Services ("DSS"), filed a juvenile petition alleging that the child was a neglected juvenile. Specifically, DSS alleged that Respondent and the child's biological mother had been evicted from their residence and planned to stay in a motel; had a history of residential instability, domestic violence, and substance abuse; were unemployed and had no income; and had received emergency assistance in May 2007 and would not be eligible for additional emergency assistance until May 2008. An adjudication hearing was held on 11 October 2007. On 23 October 2007, the trial court entered an order adjudicating the child dependent, granting DSS custody of the child, and approving placement of the child with the child's biological mother as long as the mother did not allow Respondent to have contact with the child and did not have any overnight visitors in the home not related to her by blood or marriage.
On 18 October 2007, DSS filed a motion for review "to address the juvenile's removal from his mother's home." DSS alleged that on 14 October 2007, it was discovered that an adult male unrelated to the mother had slept overnight in the mother's home. DSS had therefore removed the child from the mother's home and placed the child in foster care. On 23 October 2007, the trial court issued an order to DSS to assume physical custody of the child and to place the child in foster care, and the matter was scheduled for review on 8 November 2007.
The matter was continued until 15 November 2007. After a review hearing on that date, the trial court entered an order on 27 November 2007 continuing custody with DSS, approving the child's foster care placement, and allowing both parents weekly supervised visitation with the child.
After a review hearing on 21 February 2008, the trial court entered an order on 11 March 2008 continuing custody of the child with DSS, approving the child's foster care placement, and ordering that all efforts aimed at reunifying the child with his parents cease. After a permanency planning review on 20 March 2008, the trial court signed an order on 9 April 2008 continuing custody with DSS, approving the child's foster care placement, and ordering DSS to take all necessary steps to achieve the child's permanent plan of adoption.
On 15 May 2008, DSS filed a motion to terminate parental rights alleging neglect and dependency as grounds for termination. Specifically, DSS alleged that the parents had
neglected the minor child, in that they have a history of residential instability, domestic violence and substance abuse, and neither has completed a substance abuse assessment or domestic violence counseling, completed parenting classes, reported for requested drug screens or has stable housing or employment[.]
DSS further alleged that both parents were incapable of providing for the proper care and supervision of the minor child, such that the minor child is dependent within the meaning of N.C.G.S. § 7B-101(9), and there is a reasonable probability that such incapability will continue for the foreseeable future, in that . . . [Respondent] suffers from dsythymia, major depression, significant symptoms of post-traumatic stress disorder, chronic marijuana abuse, and anti-social personality disorder[.]
After a review hearing on 15 May 2008, the trial court entered an order on 29 May 2008 continuing custody of the child with DSS, approving the child's current foster care placement, continuing the child's permanent plan as adoption, and ceasing the parents' visitation with the child.
A termination hearing, which neither parent attended, was held on 7 August 2008. An order terminating both parents' parental rights to the child was entered on 25 August 2008, and a corrected order was entered on 1 October 2008. In the corrected order, the trial court concluded that grounds existed to terminate the parental rights of both parents pursuant to N.C. Gen. Stat. § 7B-1111(a)(1), in that the child was neglected, and N.C. Gen. Stat. § 7B-1111(a)(6), in that the child was dependent. From the order terminating his parental rights, Respondent appeals.

II. DISCUSSION
By Respondent's sixth and seventh assignments of error, Respondent argues that the trial court erred in the termination order when it found that the allegations that formed the basis for the initial adjudication of dependency "would also have supported an adjudication of neglect." Specifically, Respondent argues that the doctrines of res judicata and collateral estoppel bar a finding of neglect in the termination proceeding based on the allegations contained in the original juvenile petition and the findings in the adjudication order.
A termination of parental rights proceeding involves a two-stage process. In re Blackburn, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). The initial stage is the adjudicatory stage whereby the petitioner must establish by clear, cogent, and convincing evidence that at least one of the statutory grounds for termination listed in N.C. Gen. Stat. § 7B-1111 exists. N.C. Gen. Stat. § 7B-1109(e)-(f) (2007); A Child's Hope, LLC v. Doe, 178 N.C. App. 96, 102, 630 S.E.2d 673, 677 (2006). A finding of any one of the grounds enumerated in N.C. Gen. Stat. § 7B-1111 is sufficient to support a trial court's order of termination. A Child's Hope, 178 N.C. App. at 102, 630 S.E.2d at 677. Appellate review of a trial court's determination at the adjudicatory stage is whether the trial court's findings of fact are based upon clear, cogent, and convincing evidence and whether the findings support the conclusions of law. In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), appeal dismissed and disc. review denied, 353 N.C. 374, 547 S.E.2d 9 (2001).
"If the trial court determines that grounds for termination exist, it proceeds to the dispositional stage, and must consider whether terminating parental rights is in the best interests of the child." In re Anderson, 151 N.C. App. 94, 98, 564 S.E.2d 599, 602 (2002). A trial court's determination at the dispositional stage is reviewed on appeal for abuse of discretion. Id.
A trial court may terminate parental rights if the trial court finds that "[t]he parent has . . . neglected the juvenile." N.C. Gen. Stat. § 7B-1111(a)(1) (2007). A neglected juvenile is one who
does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare . . . .
N.C. Gen. Stat. § 7B-101(15) (2007).
[E]vidence of neglect by a parent prior to losing custody of a child  including an adjudication of such neglect  is admissible in subsequent proceedings to terminate parental rights. The trial court must also consider any evidence of changed conditions in light of the evidence of prior neglect and the probability of a repetition of neglect. The determinative factors must be the best interests of the child and the fitness of the parent to care for the child at the time of the termination proceeding.

In re Ballard, 311 N.C. 708, 715, 319 S.E.2d 227, 232 (1984) (internal citation omitted).
In the termination hearing, the trial court properly considered evidence of neglect, including Respondent's lack of stability, and domestic violence and substance abuse for which he was not receiving treatment, which occurred prior to 11 October 2007 when the child was removed from Respondent's care. While a prior adjudication of neglect may be evidence of neglect, a prior adjudication of neglect is not the only evidence of neglect admissible at a termination proceeding, nor is it a precondition for termination of parental rights on the ground of neglect. The trial court also considered evidence of neglect which occurred after the child was removed from Respondent's home, finding that Respondent has moved at least three times since 11 October 2007, has not maintained stable employment, has not completed a domestic violence assessment or parenting classes, and has not completed substance abuse treatment. The trial court found that Respondent is "currently as unstable as [he was] in October of 2007[,]" and, therefore, there was a substantial likelihood that the neglect of the child would be repeated if the child were returned to Respondent. Accordingly, the trial court found that the child was neglected"at the time of the termination proceeding[,]" id., based on the cumulative evidence of neglect, and not solely based on the allegations contained in the original juvenile petition and the findings in the adjudication order, as alleged by Respondent.
Furthermore, pursuant to Rule 8(c) of the North Carolina Rules of Civil Procedure, "[i]n pleading to a preceding pleading, a party shall set forth affirmatively . . . estoppel, . . . res judicata, . . . and any other matter constituting an avoidance or affirmative defense." N.C. Gen. Stat. § 1A-1, Rule 8(c) (2007). "'Failure to plead an affirmative defense ordinarily results in waiver of the defense.'" In re D.R.S., 181 N.C. App. 136, 140, 638 S.E.2d 626, 628 (2007) (quoting Ward v. Beaton, 141 N.C. App. 44, 49, 539 S.E.2d 30, 34 (2000), appeal dismissed and cert. denied, 353 N.C. 398, 547 S.E.2d 43 (2001)). "The parties may, however, still try the issue by express or implied consent." Ward, 141 N.C. App. at 49, 539 S.E.2d at 34. In this case, as Respondent neither pled nor defended the case on these theories, Respondent cannot raise them for the first time now on appeal. Id.; N.C. R. App. P. 10(b)(1) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make . . . [and] obtain[ed] a ruling upon the party's request, objection or motion."). The record before us reflects that neither before nor during the termination hearing, nor after receiving the termination order, did Respondent raise with the trial court the res judicata and collateral estoppel arguments he now advances for the first time on appeal. Accordingly, the assignments of error upon which this argument is based are overruled.
By Respondent's second assignment of error, Respondent argues that the trial court's conclusion that grounds existed to terminate Respondent's parental rights based on dependency pursuant to N.C. Gen. Stat. § 7B-1111(a)(6) was not supported by the findings of fact. Specifically, Respondent contends that DSS offered no evidence and the trial court made no findings that Respondent's substance abuse and mental illness impacted the child.
Here, the trial court concluded that two grounds existed to terminate Respondent's parental rights: (1) the child was neglected pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) such that the child did not receive proper care, supervision, or discipline from his parents or lived in an environment injurious to the child's welfare, see N.C. Gen. Stat. § 7B-101(15); and (2) the child was dependent pursuant to N.C. Gen. Stat. § 7B-1111(a)(6) such that the child was in need of assistance or placement as the parents were incapable of providing for the proper care and supervision of the child and there was a reasonable probability that such incapability will continue for the foreseeable future.
It is well settled that a court need only determine that one statutory ground exists in order to terminate parental rights. N.C. Gen. Stat. § 7B-1111(a); A Child's Hope, 178 N.C. App. at 102, 630 S.E.2d at 677. As Respondent's assignments of error challenging the trial court's conclusion that grounds existed to terminate Respondent's parental rights based on neglect pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) were overruled, supra, we need not determine whether the findings of fact support the conclusion of law that grounds existed to terminate Respondent's parental rights based on dependency pursuant to N.C. Gen. Stat. § 7B-1111(a)(6). This assignment of error is also overruled.
Finally, DSS filed two motions pursuant to Rule 34 of the North Carolina Rules of Appellate Procedure requesting sanctions against counsel for Respondent. Specifically, DSS argues that this appeal is frivolous pursuant to Rules 34(a)(1) and (3).
Under Rule 34, this Court is authorized to impose a sanction against a party or an attorney, or both, when the appellate court determines that an appeal was frivolous because of one or more of the following:
(1) the appeal was not well grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;
. . . .
(3) a petition, motion, brief, record, or other paper filed in the appeal was so grossly lacking in the requirements of propriety, grossly violated appellate court rules, or grossly disregarded the requirements of a fair presentation of the issues to the appellate court.
N.C. R. App. P. 34(a).
In D.R.S., the Caldwell County Department of Social Services ("CCDSS") filed a termination of parental rights petition seeking to terminate the parental rights of the respondents to their minor children. After a hearing on the petition, the trial court concluded that although grounds existed to terminate the parental rights of the respondents, it would not be in the best interests of the minor children to do so. The trial court thus dismissed the petition. Six months later, CCDSS filed another termination of parental rights petition. After a hearing on the petition, the trial court concluded that grounds existed to terminate parental rights and that it would be in the minor children's best interests to do so. The trial court thus entered an order terminating the parental rights of the respondents.
On appeal to this Court, counsel for the respondent-mother, who is also counsel for Respondent in this case, filed a brief arguing that, under the doctrines of res judicata and collateral estoppel, the first order dismissing the termination of parental rights petition barred litigation of the second petition to terminate parental rights. This Court rejected counsel's argument, stating that res judicata and collateral estoppel are affirmative defenses which must be raised below and cannot be raised for the first time on appeal. D.R.S., 181 N.C. App. at 140, 638 S.E.2d at 628.
In this case, more than two years after D.R.S. was filed, counsel filed a brief with this Court making essentially the same res judicata and collateral estoppel arguments that he made in D.R.S., and which were rejected by this Court in a published opinion. Although counsel could have preserved the issues of res judicata and collateral estoppel for appellate review by filing a motion in the cause pursuant to N.C. Gen. Stat. § 1A-1, Rule 60, counsel failed to do so. Furthermore, in his brief, counsel failed to even mention this Court's holding in D.R.S. and failed to distinguish the present case from D.R.S. in any way. In counsel's reply to DSS's motion for sanctions, "[c]ounsel concedes that he did not distinguish the present case from D.R.S. in [Respondent's] brief but contends that the factual and procedural dissimilarities in the two cases are obvious." However, the purported dissimilarities between counsel's rejected legal argument in D.R.S. and counsel's legal argument in this case are not "obvious" and, in fact, D.R.S. is controlling here.
We conclude that counsel's argument "was not well grounded in fact and warranted by existing law[,]" N.C. R. App. P. 34(a)(1), and that counsel did not even attempt to make "a good faith argument for the extension, modification, or reversal of existing law[.]" Id. This Court is particularly disturbed by this frivolous appeal given that it further delays establishing permanence for the child, who has been in foster care for more than 20 months already. Accordingly, we assess counsel for Respondent all costs incurred by the parties as a result of this appeal pursuant to N.C. R. App. P. 34(b)(2)(c).
The order terminating Respondent's parental rights to C.A.G. is AFFIRMED. Petitioner's motions for sanctions are ALLOWED.
Judges JACKSON and STROUD concur.
Report per Rule 30(e).