CLAUDE DAVIS LITCHFIELD v. WILLIAM HARVEY COX.

(Filed 2 March, 1966.)

**Husband and Wife § 24—**

   Evidence tending to show that plaintiff and his wife were happily married, that after she became involved with defendant she became indifferent toward plaintiff, and that defendant supplied her with liquor and wrote her love letters, *held* sufficient to establish the three elements of an action for alienation of affections, and nonsuit was improperly allowed, and the fact that defendant and his wife continue to live in the same house affects only the credibility of his testimony.

MOORE, J., not sitting.

APPEAL by plaintiff from *Parker, J.,* October 11, 1965, Mixed Session, HYDE.

The plaintiff brought an action against the defendant for alienation of his wife's affections, and for criminal conversation. By stipulation, the action for criminal conversation was withdrawn from consideration at the close of the plaintiff's evidence. Upon the charge that the defendant alienated his, the plaintiff's, wife's affections, he offered evidence tending to show that he and his wife were married in 1952 and had resided in Engelhard, North Carolina, since that time except for brief occasions when plaintiff's work required him to be elsewhere. As a commercial fisherman he was absent for a considerable period of time during 1962, 1963 and 1964, but prior to 1962, his wife had done nothing to cause him to doubt her loyalty. He introduced into evidence three letters he had found in his wife's possession in September, 1964. All were postmarked August, 1963 and were addressed to "Mrs. Harvey Banks, General Delivery, St. Simon, Georgia." The return address on the envelope was "J. H. Banks, Morehead City, North Carolina." Mr. Ordway Hilton, an expert examiner of questioned documents, testified for the plaintiff that these letters were written, in his opinion, by a typewriter owned by the defendant, and the plaintiff's wife testified that they were received by her from the defendant while she, the plaintiff and their children were living in St. Simons, Georgia. Their contents will be referred to in the opinion.

At the close of the plaintiff's evidence, the defendant's motion for nonsuit was allowed. Plaintiff excepts and appeals, assigning error.

*John A. Wilkinson by James R. Vosburg for plaintiff.*
*Aydlett & White for defendant.*

PLESS, J.  To establish a case against the defendant for alienation of his wife's affections, the law imposes upon the plaintiff, Litchfield, the burden of showing, by competent evidence, the following: "(1) That he and his wife were happily married, and that a genuine love and affection existed between them; (2) that the love and affection so existing was alienated and destroyed; (3) that the wrongful and malicious acts of the defendants produced and brought about the loss and alienation of such love and affection. *Hankins v. Hankins,* 202 N.C. 358, 162 S.E. 766." *Ridenhour v. Miller,* 225 N.C. 543, 35 S.E. 2d 611.

The mother of the plaintiff, Mrs. Bess Litchfield, testified that her son and his wife seemed to be fond of each other and it was just a happy family. The plaintiff testified "We had a happy home. She seemed to love the children and to love me * * *. In 1962 and 1963 she became very cold * * *. She was casting me aside * * *. Things got worse as time went on."

The defendant supplied the plaintiff's wife with liquor until she had a drinking problem. He wrote her that "those nights were all so nice * * *. I could not pick the best of them as they were all so perfect. I wish I were able to put on these pages the satisfaction that it gives me to know that I care for you and of being reasonable *(sic)* sure that it is being returned * * *. I am waiting and loving you."

The above excerpts from the plaintiff's evidence fully establish the three elements necessary to survive a motion for nonsuit. While it is true that the plaintiff and his "alienated" wife are still living together that affects the credibility of his evidence, but it still remains a question for the jury.

Reversed.

MOORE, J., not sitting.