ANN L. DARNELL v. VIVIAN RUPPLIN

No. 8721SC1048

(Filed 20 September 1988)

**Husband and Wife § 24— alienation of affections—where tort occurred—question of fact for jury**

> In an action for alienation of affections where defendant contended that her actions supporting plaintiff's claim occurred primarily in states other than North Carolina, and none of those states recognized a claim for alienation of affections, the question of where the tort occurred giving rise to defendant's liability was an issue of fact material to both the substantive law applicable to plaintiff's cause of action and defendant's defense and therefore should have been submitted to the jury.

APPEAL by defendant from *Collier, Judge.* Judgment and order entered 10 June 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 12 April 1988.

Plaintiff Ann L. Darnell filed a civil action against defendant Vivian Rupplin for criminal conversation and alienation of affections. The trial court granted summary judgment for plaintiff on her criminal conversation claim. A jury subsequently found defendant guilty of alienation of affections and awarded plaintiff $50,000 for the two claims in compensatory damages and $50,000 in punitive damages.

Thereafter defendant filed motions requesting a judgment notwithstanding the verdict or a new trial on the claim for alienation of affections and on the issue of damages. The trial court denied defendant's motions.

From the trial court's judgment and order, defendant appeals.

*Womble Carlyle Sandridge & Rice, by Carole S. Gailor, E. Spencer Parris and Wallace R. Young, Jr., attorneys for plaintiff-appellee.*

*William M. Speaks, Jr., Richard D. Ramsey and David F. Tamer, attorneys for defendant-appellant.*

ORR, Judge.

## I.

On appeal, defendant contends an issue of fact exists as to which state the tort of alienation of affections took place. Defendant further argues the trial court committed prejudicial error by refusing to submit this issue of fact to the jury for determination. We agree.

A claim for "alienation of affections is comprised of wrongful acts which deprive a married person of the affections of his or her spouse—love, society, companionship and comfort of the other spouse. . . . The gist of the tort is an interference with one spouse's mental attitude toward the other, and the conjugal kindness of the marital relation. . . . [Evidence of alienation] is sufficient if there is no more than a partial loss of [a spouse's] affections." 2 R. Lee, *N.C. Family Law* § 207 at 553-554 (4th ed. 1980); *accord, Sebastian v. Kluttz*, 6 N.C. App. 201, 170 S.E. 2d 104 (1969).

> In order for liability to arise for alienation of affections there must be active and affirmative conduct. Inaction is not enough to subject a defendant to the liability. There must be some act on the part of the defendant intended to induce or accomplish the result. One does not become liable for alienation of affections, without any initiative or encouragement, merely by becoming the object of the affections that are transferred from a spouse. It is only when there is such active participation, initiative or encouragement on the part of the defendant that he or she has in fact played a substantial part in inducing or causing one spouse's loss of the other spouse's affections, that liability arises.

2 R. Lee, *N.C. Family Law* § 207 at 554-555 (4th ed. 1980), *quoting*, Restatement (Second) of Torts § 683, comment (g) (1977).

To establish a claim for alienation of affections, plaintiff's evidence must prove: "(1) plaintiff and [her husband] were happily married and a genuine love and affection existed between them; (2) the love and affection was alienated and destroyed; and (3) the wrongful and malicious acts of defendant produced the alienation of affections." *Chappell v. Redding*, 67 N.C. App. 397, 399, 313

S.E. 2d 239, 241, *disc. rev. denied*, 311 N.C. 399, 319 S.E. 2d 268 (1984); *Litchfield v. Cox*, 266 N.C. 622, 146 S.E. 2d 641 (1966).

However, to prevail under the present facts, plaintiff must do more than establish the essential elements named above.

A claim for alienation of affections is a transitory tort because it is based on transactions that can take place anywhere and that harm the marital relationship. 42 C.J.S. *Husband and Wife* § 683 (1975); *Howle v. Express, Inc.*, 237 N.C. 667, 75 S.E. 2d 732 (1953); *Sebastian v. Kluttz*, 6 N.C. App. 201, 170 S.E. 2d 104. The substantive law applicable to a transitory tort is the law of the state where the tortious injury occurred, and not the substantive law of the forum state. 42 C.J.S. *Husband and Wife* § 683 (1975); *Howle v. Express, Inc.*, 237 N.C. 667, 75 S.E. 2d 732; *Ingle v. Cassady*, 208 N.C. 497, 181 S.E. 562 (1935).

In the case *sub judice*, defendant's involvement with plaintiff's husband, Daniel R. Darnell, spanned four states: North Carolina, Maryland, Virginia, and Washington, D.C. Of these four states, North Carolina is the only one that recognizes a legal cause of action for the tort of alienation of affections. Therefore, if the law of any of the other three states is found to be the substantive law governing this case, it cannot be tried in a North Carolina court. *Charnock v. Taylor*, 223 N.C. 360, 26 S.E. 2d 911 (1943); 3 Strong's N.C. Index 3d *Courts* § 21.5 (1976 & Supp. 1988).

Consequently, before North Carolina substantive law can be applied to plaintiff's action, she must prove that the tortious injury, defendant's alienation of her husband's affection, occurred in North Carolina.

II.

At trial the following evidence was produced relating to the state in which the cause of action arose.

Plaintiff's husband, Daniel R. Darnell, and defendant met in January 1984, when they were assigned to work together in the Greensboro office of G.E. Information Services Company.

Subsequently, a relationship developed between Mr. Darnell and defendant, which culminated in sexual intercourse in Winston-Salem, North Carolina on 4 April 1984. Two more sexual encounters occurred between Mr. Darnell and defendant in North

Carolina between 5 April and 13 April 1984. In April 1984, Mr. Darnell's work in Greensboro ended, and he returned to his wife and children at their home in Virginia.

Defendant and Mr. Darnell, however, maintained contact by telephone and mail. They also arranged to meet in Virginia on 31 May 1984, 1 June 1984, and August 1984; in Washington, D.C. in either July or August 1984; and in Maryland in July 1984, October 1984, November 1984, and December 1984, where according to the testimony they engaged in sexual relations.

On 27 December 1984, Mr. Darnell left plaintiff and his family and went to defendant's home in Winston-Salem, North Carolina. He stayed with defendant until 1 January 1985. Mr. Darnell then rented an apartment in Gaithersburg, Maryland and relocated there.

Mr. Darnell and defendant continued to see each other after his separation from plaintiff. He visited defendant at least three times in North Carolina, and she met with him numerous times in Maryland. They also engaged in sexual relations from 27 December 1984 until July 1985, when Mr. Darnell told defendant he wished to reconcile with plaintiff.

In August 1985, Mr. Darnell returned to plaintiff, but a short time later in September 1985 he left her for the second time.

Mr. Darnell and defendant resumed their relationship by meeting on 25 September 1985 in Maryland. They communicated by telephone and mail from 25 September 1985 until November 1985, when they renewed their sexual relationship during a visit by Mr. Darnell to defendant's home in North Carolina.

From November 1985 until July 1986, Mr. Darnell and defendant traveled frequently between North Carolina and Maryland to be together. Finally in July 1986, defendant moved to Gaithersburg, Maryland, where Mr. Darnell resided. A month before the trial, April 1987, plaintiff and Mr. Darnell's divorce became final. At the time of the trial, defendant and Mr. Darnell were still involved in a relationship.

Based upon the evidence set forth above, defendant contends that a question of fact is present as to the state in which defendant alienated Mr. Darnell's affections. We agree with defendant's contention.

## III.

To determine whether this question should have been presented to a jury for determination, we must examine N.C.G.S. § 1A-1, Rule 38.

Rule 38 governs the issues a jury may decide. Subsection (b) of Rule 38 permits a party in a suit to demand a jury trial for any issue triable of right by a jury. N.C.G.S. § 1A-1, Rule 38(b) (1983). Subsection (c) of this rule further says, when a party demanding a jury trial fails to specify which issues the jury will decide, he is deemed to have demanded a jury trial for all triable issues. N.C.G.S. § 1A-1, Rule 38(c) (1983).

An issue that arises under the pleadings and is determinative of the parties' rights in an action is triable of right by a jury. *Uniform Service v. Bynum International, Inc.*, 304 N.C. 174, 282 S.E. 2d 426 (1981); *Johnson v. Lamb*, 273 N.C. 701, 161 S.E. 2d 131 (1968). "An issue arises upon the pleadings when a material fact is alleged by one party and controverted by the other." *Id.* at 706, 161 S.E. 2d at 136; *Oxendine v. Dept. of Social Services*, 303 N.C. 699, 281 S.E. 2d 370 (1981). A fact is material, when it "constitutes a part of the plaintiff's cause of action or of the defendant's defense." *Johnson v. Lamb*, 273 N.C. at 707, 161 S.E. 2d at 137.

In the present case, defendant's answer contended that her actions, supporting plaintiff's claim, occurred primarily in a state other than North Carolina. Consequently, the question of where the tort occurred giving rise to defendant's liability is an issue of fact material to both the substantive law applicable to plaintiff's cause of action and defendant's defense.

In addition, defendant's answer demanded a trial by jury on all issues of fact. Thus, pursuant to N.C.G.S. § 1A-1, Rule 38, defendant is entitled to have all material issues of fact, including the *lex loci* of the tort, decided by a jury.

When discussing this tort, we are aware that numerous jurisdictions have eliminated a cause of action for alienation of affections. Our own Court attempted to abolish the tort in *Cannon v. Miller*, 71 N.C. App. 460, 322 S.E. 2d 780 (1984), but our Supreme Court rejected this Court's decision *per curiam. Cannon v. Miller*, 313 N.C. 324, 327 S.E. 2d 888 (1985).

We recognize that the injury attributable to the alienation of another's affections is a nebulous concept, which, unlike a broken bone, is not a readily identifiable event. The establishment of this tortious injury is further complicated because it may be sustained through one act or through successive acts of a defendant.

However, even with this knowledge, as long as this cause of action exists in North Carolina, we conclude that the issue of where the tort took place may not be kept from a jury simply because it is difficult to discern. Therefore, we hold it is for the jury, considering all the evidence, to determine in which state plaintiff's injury occurred. Accordingly, we vacate the verdict and judgment entered on plaintiff's claim for alienation of affections, and we remand this issue for a new trial.

IV.

We also remand the issue of damages on the claim of criminal conversation for a new trial. Although the damages for the claims of criminal conversation and alienation of affections were properly joined for consideration by the jury at trial, *Sebastian v. Kluttz*, 6 N.C. App. 201, 170 S.E. 2d 104, on appeal it is impossible to determine what portion of the damage award is attributable solely to the alienation of affections claim.

Finally, we conclude that defendant's remaining assignments of error are unlikely to arise in a second trial, and we decline to discuss them.

Vacated and remanded.

Judges ARNOLD and GREENE concur.