PATRICIA McCUTCHEN v. DEBORAH T. McCUTCHEN

No. 308A05

(Filed 27 January 2006)

**1. Appeal and Error— appealability—summary judgment—interdependent claims—determination by same jury—substantial right**

Damages for interdependent claims for alienation of affections and criminal conversation should be determined by the same jury, and the appeal of a summary judgment on the alienation of affections claim was interlocutory but immediately reviewable.

**2. Alienation of Affections— statute of limitations—accrual**

A cause of action for alienation of affections accrues upon completion of the diminution or destruction of the love and affection of the spouse, and when that occurs is often a question for the fact finder. Moreover, the couple need only be married with genuine love and affection at the time of defendant's interference; the fact that the spouses were living apart does not bar recovery, and the fact that they were living together does not preclude the possibility that the alienation had already occurred. In this case, there was a genuine issue of material fact as to whether there was love and affection following the separation, a jury could determine that the alienation did not occur until the final decision to end the marriage, and plaintiff's claim is not then facially barred by the three-year statute of limitations. N.C.G.S. § 1-52(5).

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 170 N.C. App. 1, 612 S.E.2d 162 (2005), affirming an order entered on 6 August 2003 by Judge Narley L. Cashwell in Superior Court, Wake County. Heard in the Supreme Court 17 October 2005.

*The Mueller Law Firm, P.A., by Colby L. Hall, for plaintiff-appellant.*

*Tharrington Smith, L.L.P., by Lynn P. Burleson and Jill Schnabel Jackson, for defendant-appellee.*

## McCUTCHEN v. McCUTCHEN

[360 N.C. 280 (2006)]

NEWBY, Justice.

The issue is whether the accrual of a cause of action for alienation of affections occurs as a matter of law on or before the date a married couple separates. We hold the claim accrues whenever alienation is complete, regardless of the date of separation, and that the determination of when alienation occurs is generally a question of fact for the jury.

Plaintiff and Byron McCutchen ("Byron") married on 1 June 1968 and had three children between 1969 and 1980. The couple separated on 9 September 1998 and divorced on 30 May 2002. Before the couple's separation, Byron met defendant, now his wife, and began a sexual relationship with her. Defendant admits she had actual knowledge of Byron's marriage when she entered the relationship.

On 25 April 2003, plaintiff filed suit against defendant asserting causes of action for alienation of affections and criminal conversation. In her complaint, plaintiff alleged defendant engaged in an adulterous relationship with Byron before the couple's divorce. Plaintiff further alleged defendant wrongfully and maliciously destroyed her marriage to Byron. She claimed defendant continued her relationship with Byron despite knowing that Byron and plaintiff were engaged in counseling and reconciliation efforts. Plaintiff asserted she and Byron purchased a car titled in both of their names in May 1999 using funds from a joint account and continued managing their finances together until October 2001. In addition, plaintiff maintained that on at least three occasions following the date of separation Byron expressed his desire to return to the marriage and asked plaintiff to refrain from taking legal action while they were attempting to reconcile. Plaintiff contended Byron told her at their last joint counseling session in February 2001 that "he was not heading toward divorce," but approximately two weeks later informed her the marriage was over.

Defendant responded, asserting the statute of limitations as a bar to plaintiff's alienation claim, and filed a motion for summary judgment. The trial court granted summary judgment for plaintiff on her criminal conversation claim, reserving damages for a jury determination, but granted summary judgment for defendant on plaintiff's alienation claim after concluding it was barred by the statute of limitations. A divided panel of the Court of Appeals determined plaintiff's interlocutory appeal was proper and affirmed summary judgment in favor of defendant, holding plaintiff's cause of

action for alienation accrued by the date of separation and was thus barred by the statute of limitations. *McCutchen v. McCutchen*, 170 N.C. App. 1, 4, 6-7, 612 S.E.2d 162, 164, 166 (2005). Although convinced plaintiff's interlocutory appeal was not properly before the court, the dissent argued plaintiff's alienation claim was timely filed. *Id.* at 9, 612 S.E.2d at 167 (Tyson, J., dissenting). For reasons detailed below, we affirm the majority's holding that plaintiff is entitled to an immediate appeal but reverse the ruling that plaintiff's claim is barred by the statute of limitations.

## I. INTERLOCUTORY APPEAL

**[1]** We first consider whether the Court of Appeals properly exercised appellate jurisdiction. "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). Any order resolving fewer than all of the claims between the parties is interlocutory. *Dep't of Transp. v. Rowe*, 351 N.C. 172, 174, 521 S.E.2d 707, 708-09 (1999). Interlocutory orders are appealable before entry of a final judgment if (1) the trial court certifies there is "no just reason to delay the appeal of a final judgment as to fewer than all of the claims or parties in an action" or (2) the order " 'affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment.' " *Id.* at 175, 521 S.E.2d at 709; *see also* N.C.G.S. §§ 1-277; 1A-1, Rule 54(b); 7A-27 (2005).

In the present case, the issue of damages for plaintiff's criminal conversation claim remained unresolved when the trial court granted summary judgment for defendant on the alienation of affections claim. Plaintiff's appeal is therefore interlocutory. Since the trial court did not certify its decision, we must decide whether plaintiff has a substantial right that would be lost absent immediate review. Both plaintiff and defendant agree this case involves a substantial right warranting immediate review; however, acquiescence of the parties does not confer subject matter jurisdiction on a court.

The parties assert the substantial right at stake is the right to have the same jury hear plaintiff's claims for alienation of affections and criminal conversation. "[B]ecause the two causes of action and the elements of damages here are so connected and intertwined, only one issue of . . . damages should [be] submitted to the jury." *Sebastian v. Kluttz*, 6 N.C. App. 201, 220, 170 S.E.2d 104, 116 (1969).

If decided by separate juries, any recovery for one is reduced by that of the other. *Gray v. Hoover*, 94 N.C. App. 724, 731, 381 S.E.2d 472, 476, *disc. rev. denied*, 325 N.C. 545, 385 S.E.2d 498 (1989). In light of this legal interdependence, the same jury should determine damages for both claims. This right will be lost if plaintiff must wait to appeal summary judgment on her alienation claim until the issue of damages for criminal conversation is resolved. Accordingly, the interlocutory order granting summary judgment on plaintiff's alienation claim is subject to appeal.

## II. ACCRUAL OF ALIENATION OF AFFECTIONS CLAIM

[2] We next turn to the issue of when a cause of action for alienation of affections accrues. To establish a common law claim for alienation, a plaintiff must prove " '(1) [t]hat [she and her husband] were happily married, and that a genuine love and affection existed between them; (2) that the love and affection so existing was alienated and destroyed; [and] (3) that the wrongful and malicious acts of the defendant[] produced and brought about the loss and alienation of such love and affection.' " *Litchfield v. Cox*, 266 N.C. 622, 623, 146 S.E.2d 641, 641 (1966) (citation omitted). Although the plaintiff must introduce evidence of a valid marriage, as well as marital love and affection, the plaintiff need not "prove that [her] spouse had no affection for anyone else or that [the] marriage was previously one of 'untroubled bliss.' " *Brown v. Hurley*, 124 N.C. App. 377, 380, 477 S.E.2d 234, 237 (1996); *see also* Suzanne Reynolds, *Lee's North Carolina Family Law* § 5.46(A), at 394 (5th ed. 1993).

As a general rule, the statute of limitations begins to run once a cause of action accrues. *Wilson*, 276 N.C. at 214, 171 S.E.2d at 884. Section 1-52(5) of the General Statutes requires a plaintiff to file suit within three years "[f]or criminal conversation, or for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated." N.C.G.S. § 1-52(5) (2005). Because alienation of affections is not specifically referenced in the statute, this three-year limitations period applies.

Accrual of an alienation claim occurs when the wrong is complete. *Wilson v. Crab Orchard Dev. Co.*, 276 N.C. 198, 214, 171 S.E.2d 873, 884 (1970). The "wrong" in an alienation of affections case is the actual alienation of the spouse's affections by a third party. "Alienation connotes the destruction, or serious diminution, of the love and affection of the plaintiff's spouse for the plaintiff." Charles E. Daye & Mark W. Morris, *North Carolina Law of Torts* § 11.22.2, at

106 (2d ed. 1999). This diminution or destruction often does not happen all at once. " 'The mischief is a continuing one . . . .' " *Cottle v. Johnson,* 179 N.C. 426, 431, 102 S.E. 769, 771 (1920) (citation omitted). It is only after the diminution or, when applicable, the destruction of love and affection is complete that plaintiff's cause of action accrues and the statute of limitations begins to run. *Saunders v. Alford,* 607 So. 2d 1214, 1215 (Miss. 1992); *see also* 41 Am. Jur. 2d *Husband and Wife* § 241, at 214 (2005). The question of when alienation occurs is ordinarily one for the fact finder. *See Snyder v. Freeman,* 300 N.C. 204, 208, 266 S.E.2d 593, 596 (1980) (holding date of accrual of cause of action is question of fact); *Litchfield,* 266 N.C. at 623, 146 S.E.2d at 642 (holding fact that plaintiff and his wife continued to live together affected credibility of the evidence, but alienation "still remain[ed] a question for the jury").

Although separation may be strong evidence of alienation and may affect the damages available to the plaintiff, we have never held that plaintiff and spouse must live together at the time the cause of action arises.[1] Likewise, the fact that spouses continue living together after the alleged alienation does not preclude the possibility that alienation of affections has already occurred. *Litchfield,* 266 N.C. at 623, 146 S.E.2d at 642. Rather, for an alienation claim to arise, the couple need only be *married* with genuine love and affection at the time of defendant's interference. While still married, they may retain the requisite love and affection for one another despite separation. *See generally* 1 Homer H. Clark, Jr., *Law of Domestic Relations* § 12.2, at 656-57 (2d ed. 1987).

Commencing the statute of limitations only after alienation is complete comports with North Carolina's public policy favoring the protection of marriage. "We recognize and adhere in this state to a policy which within reason favors maintenance of the marriage. This policy militates against the application of any procedural rule which forces a spouse to file . . . any action which tends to sever the marital relation before that spouse is really desirous of pursuing such a course." *Gardner v. Gardner,* 294 N.C. 172, 180-81, 240 S.E.2d 399, 405 (1978). Mandatory accrual on the date of separation would force spouses to take prompt legal action, often to the detriment of reconciliation efforts. Such a rule would prejudice those who reasonably believe love and affection remains in their

---

1. Nor does the Restatement (Second) of Torts adopt this position. Restatement (Second) of Torts § 683 cmt. f (1977) ("The fact that the spouses were living apart at the time of the acts complained of . . . does not bar recovery . . . . .").

marriage and postpone legal action until the chance of reconciliation no longer exists.

In holding plaintiff's claim was barred by the statute of limitations, the Court of Appeals majority relied on *Pharr v. Beck*, 147 N.C. App. 268, 554 S.E.2d 851 (2001). *Pharr* held that alienation claims must be based on pre-separation conduct and that post-separation conduct is admissible only to corroborate pre-separation events. *Id.* at 273, 554 S.E.2d at 855. *Pharr* reasoned that a common law claim for alienation of affections premised on post-separation conduct was incompatible with the alimony statute in Chapter 50 of our General Statutes, which defines marital misconduct as including only " 'acts that occur during the marriage and prior to or on the date of separation.' " *Id.*

The logic of *Pharr* fails because North Carolina's alimony statute does not govern the common law tort of alienation of affections. Although the General Assembly has the authority to modify common law torts, courts strictly construe statutes in derogation of the common law. *McKinney v. Deneen*, 231 N.C. 540, 542, 58 S.E.2d 107, 109 (1950). Even when viewed broadly, nothing in the divorce, alimony, and child support provisions of Chapter 50 pertains to alienation of affections. The restrictions established in Chapter 50 are thus irrelevant to the tort of alienation of affections.

Significantly, the holding in *Pharr* appears inconsistent with both prior and subsequent decisions of the Court of Appeals. In 1996, the court held a claim for alienation of affections was "facially plausible" although the only evidence presented involved post-separation conduct. *Brown*, 124 N.C. App. at 378-79, 381, 477 S.E.2d at 236, 238. Moreover, within weeks of issuing the *Pharr* decision, another panel of the Court of Appeals rejected *Pharr's* analysis and recognized that N.C.G.S. § 50-16.3A(b)(1) (permitting courts to consider post-separation conduct solely to corroborate marital misconduct which occurred before the date of separation) concerns only entitlement for alimony. *Johnson v. Pearce*, 148 N.C. App. 199, 201, 557 S.E.2d 189, 190-91 (2001) (declining to limit criminal conversation claims to incidents occurring before separation). We hereby overrule *Pharr* to the extent it requires an alienation of affections claim to be based on pre-separation conduct alone.

Turning to the facts of the present case, we note this appeal arises from an order granting summary judgment. Our review is therefore *de novo*. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004). The trial court should grant summary

judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2005). The evidence must be considered "in a light most favorable to the non-moving party." *Howerton*, 358 N.C. at 470, 597 S.E.2d at 693.

Viewed in this light, plaintiff's evidence shows she and Byron married on 1 June 1968 and had three children together. They were "happily married with genuine love and affection" before the "interference of the ‚[d]efendant." Although the couple separated on 9 September 1998, Byron expressed his desire to return to the marriage multiple times between October 1999 and September 2000 and asked plaintiff not to take legal action during that time. The couple purchased a car together in May 1999, following Byron's indication that he had broken off his relationship with defendant. Plaintiff and Byron also maintained joint finances after their separation. Additionally, they participated in marriage counseling from July 1998 to February 2001. During their last counseling session, Byron told plaintiff "he was not heading toward divorce." In fact, Byron did not file for divorce until more than a year after the date he was legally permitted to do so under state law. Plaintiff apparently had reason to believe the couple would reconcile until Byron made a final decision in February 2001 to end their marriage.

Plaintiff's allegations in her sworn affidavit and verified complaint present a genuine issue of material fact as to whether there was love and affection following her separation from Byron. Because a jury could determine alienation did not occur until as late as February 2001, when Byron made the final decision to end the marriage, and plaintiff filed her complaint within three years of his decision, plaintiff's claim for alienation of affections is not facially barred by the statute of limitations.

### III. CONCLUSION

We affirm that part of the decision of the Court of Appeals holding plaintiff was entitled to an immediate appeal. We reverse the decision of the Court of Appeals upholding summary judgment in favor of the defendant. The case is remanded to that court for further remand to the Wake County Superior Court for proceedings not inconsistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.