COMMUNITY ONE BANK, N.A. F/K/A FIRST GASTON BANK, PLAINTIFF V. WILLIAM GUY BOWEN AND JERRY L. KELLAR, DEFENDANTS

No. COA09-972

(Filed 2 February 2010)

**1. Estoppel— equitable—guarantor of loan—assumption that fire insurance in place**

Plaintiff was not equitably estopped from claiming damages from defendant Kellar, the guarantor of a loan, for a mobile home which burned where Kellar and plaintiff contracted for a provision stating that Kellar's liability would not be affected by Kellar's failure to insure or enforce any collateral security, and Kellar assumed that fire insurance was in place but gave no indication that plaintiff promoted such an assumption.

**2. Uniform Commercial Code— negotiable instruments—impairment of collateral**

The trial court did not err by granting plaintiff's motion for summary judgment on a claim against Kellar, the guarantor of a loan on a mobile home which burned, where Kellar argued that the obligation was discharged to the extent that lapsed fire insurance impaired the value of the property. The coverage lapsed

before the contract between Kellar and plaintiff, and there was no indication that plaintiff acted to void the policy.

Appeal by defendant from judgment entered 12 March 2009 by Judge Richard D. Boner in Gaston County Superior Court. Heard in the Court of Appeals 2 December 2009.

*Gray, Layton, Kersh, Soloman, Furr, & Smith, P.A., by Ted F. Mitchell, for defendant Jerry L. Kellar, appellant.*

*Kellam & Pettit, P.A., by William Walt Pettit, for plaintiff-appellee.*

BRYANT, Judge.

Defendant Jerry L. Kellar appeals from a trial court order entered 12 March 2009 granting plaintiff Community One Bank, N.A.'s motion for summary judgment. For the reasons stated herein, we affirm.

*Facts*

On 11 November 1994, William Bowen executed and delivered to plaintiff a promissory note for the principal sum of $115,000.00 and a deed of trust granting a lien on the real property located at 115 Lee Ballenger Road, Kings Mountain in Gaston County. Bowen also executed and delivered a security agreement which granted plaintiff a lien on Bowen's 1982 mobile home.[1]

On 15 December 2006, Bowen executed a second promissory note to renew the promissory note executed 11 November 1994 for the principal sum of $93,257.09. Per Kellar's affidavit, plaintiff would not initially renew or extend the loan contract past its maturity date of 15 June 2007. But, prior to 15 December 2006, Kellar examined the tax value of the real property and mobile home and determined the value for the 2003 tax year to be $96,640.00. As a result, on 15 December 2006, Kellar agreed to guarantee Bowen's loan: in the event Bowen could not make the payments, Kellar agreed to purchase Bowen's real property and mobile home and take over the loan.[2]

Unknown to Kellar, prior to entering into a guaranty of Bowen's loan, the fire insurance coverage on Bowen's mobile home

---

1. Thereafter, plaintiff First Community Bank, N.A. changed its name to FB Bank, a Division of First National Bank and Trust Company.

2. Thereafter, plaintiff changed its name to Community One Bank.

lapsed.[3] And, on 15 May 2007, Bowen's property caught fire. At no time prior to the fire, did Bowen or plaintiff inform Kellar the fire insurance coverage lapsed. Per Kellar's affidavit, the fair market value of Bowen's property after the fire was $20,000.00. On 15 June 2007, the promissory note matured and the outstanding balance became due and payable.

On 3 July 2007, plaintiff filed a complaint requesting a declaratory judgment, a judicial sale of real property, and a monetary judgment against defendants, Bowen and Kellar, jointly and severally, for the principal sum of $94,755.60 as well as interest of $23.87 per diem from 30 May 2007 until paid. Kellar answered and counterclaimed on grounds of negligent misrepresentation and negligent concealment as well as unfair and deceptive trade practices. Both parties filed motions for summary judgment. In an order filed 12 March 2009, the trial court granted plaintiff's motion for entry of default judgment and summary judgment and denied Kellar's counterclaim. Kellar appeals.

---

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. R. Civ. P. 56(c) (2007). We review an order granting summary judgment de novo. *McCutchen v. McCutchen*, 360 N.C. 280, 285, 624 S.E.2d 620, 625 (2006) (citation omitted).

On appeal, Kellar presents one question: did the trial court err in granting plaintiff's motion for summary judgment. In support, Kellar raises two arguments: A) because plaintiff was aware of the lapse in Bowen's fire insurance coverage prior to Kellar becoming a guarantor of Bowen's loan, plaintiff is equitably estopped from claiming damages from Kellar; and B) Kellar's obligation under the guaranty is discharged to the extent plaintiff impaired the value of the collateral securing the loan. We disagree.

*A*

[1]  Equitable estoppel arises when one party, by his acts, representations, or silence when he should speak, intentionally, or through culpable negligence, induces a person to believe certain facts exist, and that person reasonably relies on and acts on

---

3. The record indicates the last fire insurance policy covering the property expired 15 April 2004.

those beliefs to his detriment. There need not be actual fraud, bad faith, or an intent to mislead or deceive for the doctrine of equitable estoppel to apply.

*Gore v. Myrtle/Mueller*, 362 N.C. 27, 33, 653 S.E.2d 400, 405 (2007) (internal citations omitted). However, here, the contract between Kellar, as guarantor of Bowen's debt, and plaintiff stated the following:

The liability of the [guarantor] shall not be affected or impaired by . . . (vi) any failure to obtain collateral security . . . or to see to the proper or sufficient creation and perfection thereof . . . or to protect, insure, or enforce any collateral security . . . .

Moreover, Kellar gave the following testimony during his deposition:

Q [Counsel]: How do you know that someone at [plaintiff] . . . would provide supplemental insurance coverage prior to the fire loss?

A [Kellar]: I don't know that. I know that the bank requires insurance on any collateral they've got a loan on, and I presumed it was in place.

. . .

[Defendant] Bowen would have been the one to have paid the premium or [plaintiff] would have been the one to have put the forced insurance in place and paid it because this is standard operating procedure. It wasn't something that I would go in asking about.

Where the parties contracted for the provision which states Kellar's liability to plaintiff would not be affected by Kellar's failure to "insure[] or enforce any collateral security[,]" and Kellar assumed that fire insurance coverage was in place but gave no indication that plaintiff promoted such an assumption, plaintiff is not equitably estopped from claiming damages from Kellar.

*B*

[2] Next, Kellar argues that his obligation is discharged to the extent plaintiff impaired the value of Bowen's property. In support of his argument, he cites North Carolina General Statutes, section 23-3-605(e).

If the obligation of a party to pay an instrument is secured by an interest in collateral and a person entitled to enforce the instrument impairs the value of the interest in collateral, the obligation of an endorser or accommodation party having a right of recourse against the obligor is discharged to the extent of the impairment.

N.C. Gen. Stat. § 25-3-605(e) (2007). However, here, the fire insurance coverage lapsed prior to the contract between Kellar and plaintiff. Moreover, there is no indication plaintiff acted to void the fire insurance policy. Therefore, we hold the trial court did not err in granting plaintiff's motion for summary judgment.

Affirmed.

Judges HUNTER, Robert C. and JACKSON concur.