WALTER E. HELLER, Plaintiff v. RUSSELL P. SOMDAHL, MARY JONES, and DENVER JONES, Defendants

No. COA09-1016

(Filed 3 August 2010)

**Alienation of Affections— motion for directed verdict—evidence sufficient**

The trial court did not err in an alienation of affections case by denying defendant's motion for a directed verdict at the close of all of the evidence where the evidence established more than a scintilla of evidence supporting each element of the claim.

Appeal by defendant Mary Jones from judgment entered 21 November 2008 by Judge Charles H. Henry in Onslow County Superior Court. Heard in the Court of Appeals 10 March 2010.

**HELLER v. SOMDAHL**

[206 N.C. App. 313 (2010)]

*No brief was submitted for plaintiff-appellee.*

*Merritt, Flebotte, Wilson, Webb & Caruso, PLLC by Daniel R. Flebotte, for defendant-appellant Mary Jones.*

STEELMAN, Judge.

Where evidence established more than a scintilla of proof for every element of plaintiff's alienation of affections claim, the trial court did not err in denying defendant's motion for directed verdict.

### I. Factual and Procedural Background

On 2 May 2007, Walter E. Heller (plaintiff) filed an alienation of affections action against Mary Jones (defendant). Plaintiff alleged that defendant's malicious and intentional acts contributed directly to a loss of affections by encouraging, through intoxication, coercion, and persuasion, plaintiff's wife, Barbara Heller (Ms. Heller), to engage in an adulterous relationship with Russell P. Somdahl (Somdahl). The case was heard before a jury in Onslow County Superior Court commencing on 14 October 2008. Defendant moved for a directed verdict at the close of plaintiff's evidence. This motion was denied. After defendant presented evidence, defendant renewed her motion for directed verdict. The motion was again denied. The jury found defendant liable on the alienation of affections claim and awarded plaintiff compensatory and punitive damages. Defendant appeals.

### II. Denial of Motion for Directed Verdict

In four assignments of error, defendant argues that her motions for directed verdict were improperly denied pursuant to N.C. R. Civ. P. 50(a) and 50(b)(1) because plaintiff testified that he was not seeking monetary relief and because the evidence, taken in a light most favorable to plaintiff, was insufficient to survive defendant's motions for directed verdict. We disagree.

### A. Standard of Review

In examining a trial court's denial of defendant's motion for directed verdict, our *de novo* inquiry is whether the evidence, taken in a light most favorable to plaintiff, provides more than a scintilla of evidence to support each element of plaintiff's claim. *Ward v. Beaton,* 141 N.C. App. 44, 47, 539 S.E.2d 30, 33 (2000), *cert denied,* 353 N.C. 398, 547 S.E.2d 431 (2001). If that burden is satisfied, the motion for directed verdict should be denied, and the claim will be submitted to the jury. *Id.*

Because defendant presented evidence after the denial of her motion to dismiss at the close of plaintiff's evidence, defendant waived appellate review of the denial of that motion, and our review is limited to the trial court's denial of defendant's motion to dismiss at the close of all evidence. *Stallings v. Food Lion, Inc.*, 141 N.C. App. 135, 137, 539 S.E.2d 331, 332 (2000).

## B. Alienation of Affections

The elements of an alienation of affections action are: (1) a marriage with genuine love and affection; (2) the alienation and destruction of the marriage's love and affection; and (3) a showing that defendant's wrongful and malicious acts brought about the alienation of such love and affection. *Litchfield v. Cox*, 266 N.C. 622, 623, 146 S.E.2d 641, 641 (1966).

### 1. Genuine Love and Affection

An alienation of affections claim requires plaintiff to prove that a happy marriage with genuine love and affection existed between plaintiff and his spouse. *Id.* The marriage need not be a perfect one, but plaintiff's spouse must have had "*some* genuine love and affection for him" before the marriage's disruption. *Brown v. Hurley*, 124 N.C. App. 377, 381, 477 S.E.2d 234, 237 (1996). Absent such a showing, an alienation of affections claim will fail. *Shaw v. Stringer*, 101 N.C. App. 513, 516, 400 S.E.2d 101, 103 (1991).

Plaintiff presented evidence that he was married to Ms. Heller, and that the Heller family was "happy" and "loving, just a normal all around family." Ms. Heller testified that before the marriage's disruption, "I was very much in love with [plaintiff]. He was very much in love with me." Plaintiff "always came home into the house after work and kissed [Ms. Heller] [on] the back of the neck." The Hellers participated in the Marine Corps Ball "and [other] stuff like that." Plaintiff and Ms. Heller had intercourse "three to four times per week." When plaintiff was deployed to Iraq, the couple talked nearly every day and sent regular e-mails. To friends of the family, Ms. Heller "appear[ed] to be a normal and happy wife," and the couple had a "warm, loving relationship."

### 2. Alienation of Love and Affection

An alienation of affections claim also requires that some of the marriage's love and affection be alienated and destroyed. *E.g., Jones v. Skelly*, 195 N.C. App. 500, 507, 673 S.E.2d 385, 390 (2009). The alien-

ation and destruction element is proved by showing "interference with one spouse's mental attitude toward the other, and the conjugal kindness of the marital relation." *Id.* (quoting *Darnell v. Rupplin*, 91 N.C. App. 349, 350, 371 S.E.2d 743, 744 (1988)). The loss can be full or partial and can be accomplished through one act or a series of acts. *Darnell*, 91 N.C. App. at 354, 371 S.E.2d at 747. Even if a plaintiff's spouse retains feelings and affections for a plaintiff, an alienation of affections claim can succeed. *Jones*, 195 N.C. App. at 509, 673 S.E.2d at 391 (plaintiff's return to marital home does not preclude successful alienation of affections claim).

Ms. Heller testified that after her affair with Somdahl, her relationship with plaintiff became "different" and "strained." Ms. Heller's phone calls and e-mails to plaintiff during his deployment in Iraq became quicker and shorter, and plaintiff noticed "distance and more distraction" from his wife. Upon learning of his wife's infidelity, sexual intercourse between plaintiff and Ms. Heller ceased. Ms. Heller acted "very timid, very scared" toward her husband. Plaintiff testified that "his marriage ha[d] been violated." He also expressed his belief that "there is no regaining the intimacy and trust to the level that we had." "[Ms. Heller] couldn't be honest, [and] she couldn't be open" after her infidelity.

### 3. Wrongful and Malicious Causation by Defendant

An alienation of affections claim must lastly establish that defendant's wrongful and malicious actions caused the alienation of plaintiff's spouse. *Hutelmyer v. Cox*, 133 N.C. App. 364, 369, 514 S.E.2d 554, 558-59, *disc. review denied*, 351 N.C. 104, 541 S.E.2d 146 (1999), *appeal dismissed*, 351 N.C. 356, 542 S.E.2d 211 (2000). "There must be active participation, initiative or encouragement on the part of the defendant in causing one spouse's loss of the other spouse's affections for liability to arise." *Peake v. Shirley*, 109 N.C. App. 591, 594, 427 S.E.2d 885, 887 (1993). Some cases have required that the defendant's actions be performed with the intent to cause alienation, *Darnell*, 91 N.C. App. at 350, 371 S.E.2d at 745, but more recent cases have required only that the defendant acted intentionally in a way that will *probably* affect plaintiff's marital relationship, *Jones*, 195 N.C. App. at 508, 673 S.E.2d at 391. Defendant's actions must be a proximate cause of the spouse's alienation. *Nunn v. Allen*, 154 N.C. App. 523, 533, 574 S.E.2d 35, 42 (2002), *disc. review denied*, 356 N.C. 675, 577 S.E.2d 630 (2003); *see generally Palsgraf v. Long Island R. Co.*, 248 N.Y. 339, 344-45, 162 N.E. 99, 100-01 (1928). Proximate cause does not require that defendant's actions be the sole cause of alien-

ation; rather, defendant's actions must be only a "controlling or effective cause." *Nunn*, 154 N.C. App. at 533, 574 S.E.2d at 42 (quoting *Heist v. Heist*, 46 N.C. App. 521, 523, 265 S.E.2d 434, 436 (1980)). Therefore, we must decide whether all the evidence presented, taken in a light most favorable to plaintiff, provides more than a scintilla of evidence that defendant's actions were a controlling or effective cause of Ms. Heller's alienation toward plaintiff and were such that a reasonable person in defendant's position would believe that Ms. Heller's affections would probably be alienated.

Plaintiff presented evidence that defendant arrived at the marital home and "[tried] to drag [Ms. Heller] off." Defendant called plaintiff's home and told plaintiff that it was "none of [his] business what his wife did" and that Ms. Heller was "a grown woman." Plaintiff also presented evidence that defendant threatened Ms. Heller. Ms. Heller testified that "if I broke Mr. Somdahl's heart, [defendant and defendant's spouse] were going to break my legs, make sure my children were hurt, [and] my husband would find out about it." Ms. Heller testified that defendant prevented plaintiff from talking with Ms. Heller by "[moving] [her] phone around the house so [Ms. Heller] would get bad reception." Ms. Heller testified that Somdahl purchased a ring for her, but defendant took the ring from Ms. Heller, "put [it] on . . . and said [Ms. Heller] wasn't going to get it until [she] was separated and divorced from [plaintiff]." Evidence also indicated that defendant "[arranged] all sorts of activities . . . to keep [Ms. Heller] away from [her] husband." Defendant testified that she allowed Ms. Heller, who she knew did not drink alcohol responsibly, to attend defendant's party at which alcohol was served. Defendant also testified that during at least part of Ms. Heller's relationship with Somdahl, defendant was aware Ms. Heller was married and resided in the marital home.

The evidence, taken in a light most favorable to plaintiff, established all elements of an alienation of affections claim. The evidence showed: (1) that the Hellers had a happy, healthy marriage with affection and love; (2) that the affections of Ms. Heller were destroyed and alienated when she retreated physically and emotionally from the relationship; and (3) that defendant engaged in conduct, such as encouraging Ms. Heller's adulterous relationship with Somdahl and preventing communication between plaintiff and Ms. Heller, that would probably affect plaintiff's marital relationship with his wife.

Defendant presents as an issue, but does not argue, the question of whether the trial court erred in denying defendant's motion for directed verdict because plaintiff testified he did not want monetary

**IN RE J.A.G.**

[206 N.C. App. 318 (2010)]

relief. We deem that argument to be abandoned and do not consider it. N.C. R. App. P. 28(b)(6).

### III.  Conclusion

We hold that the evidence, taken in the light most favorable to plaintiff, established more than a scintilla of evidence supporting each element of plaintiff's alienation of affections claim against defendant. The trial court did not err in denying defendant's motion for a directed verdict at the close of all the evidence.

NO ERROR.

Judges BRYANT and BEASLEY concur.