2001 UT 39

**Paul E. HEINER, Plaintiff and Appellant,**

v.

**Tom SIMPSON, Defendant and Appellee.**

No. 20000220.

Supreme Court of Utah.

May 11, 2001.

────────

Robert F. Orton, M. Byron Fisher, Salt Lake City, for plaintiff.

Harold G. Christensen, Paxton R. Guymon, Salt Lake City, for defendant.

WILKINS, Justice:

¶ 1 The only issue presented in this case is whether, as a matter of law, plaintiff is precluded from bringing claims for intentional infliction of emotional distress and negligent infliction of emotional distress when also alleging a claim for alienation of affections. The district court found that plaintiff's claims for emotional distress were precluded and granted defendant's motion to dismiss those claims. We reverse and remand.

## BACKGROUND[1]

 ¶ 2 Plaintiff Paul Heiner was married to Christina Simpson for twenty-five years. During Christina's teenage years, prior to her marriage to plaintiff, Christina lived with defendant Tom Simpson and his wife because of problems in her nuclear family. While Christina was living with defendant and his wife, defendant and Christina began a sexual relationship. This sexual relationship between Christina and defendant continued throughout the duration of Christina's marriage to plaintiff. In fact, two of the four children born to Christina during her marriage to plaintiff are the biological children of defendant. In 1997, defendant's wife discovered and disclosed the relationship between defendant and Christina. Christina and plaintiff eventually divorced.

¶ 3 Based on these facts, plaintiff brought claims against defendant for alienation of affections, intentional infliction of emotional distress, negligent infliction of emotional distress, and common law fraud. In his complaint, plaintiff alleges that defendant's acts

destroyed his marriage. He also claims that "[t]he disclosure of the extramarital affair and the paternity of the two children [that plaintiff] had raised from infancy resulted in profound emotional distress, pain and depression. . . ."

¶ 4 Defendant filed a motion to dismiss plaintiff's claims. The district court found that the facts as alleged in plaintiff's complaint did not support a claim for fraud and dismissed that cause of action. The district court also dismissed plaintiff's claims for both intentional and negligent infliction of emotional distress, ruling that those claims were precluded by plaintiff's claim for alienation of affections. The district court did not dismiss the alienation of affections claim. Plaintiff brought this interlocutory appeal.

## ANALYSIS

¶ 5 The only issue before this court is whether the trial court properly dismissed plaintiff's claims for intentional infliction of emotional distress and negligent infliction of emotional distress because they are precluded by plaintiff's claim for alienation of affections. Although phrased a number of ways, this is the only issue raised in the petition for interlocutory appeal, and the only issue on which we granted appeal.

 ¶ 6 Whether the trial court erred in ruling that plaintiff's claims for emotional distress were precluded by his claim for alienation of affections is a question of law that we review for correctness. *See State v. Pena,* 869 P.2d 932, 936 (Utah 1994).

 ¶ 7 Defendant argues that the district court properly dismissed plaintiff's complaint because plaintiff, in pleading intentional and negligent infliction of emotional distress in addition to alienation of affections, is attempting to avoid the high standard of proof required for an alienation of affections claim.[2] Defendant maintains

────────

1. When reviewing whether the trial court properly granted a motion to dismiss, we accept the factual allegations in the complaint as true and consider them, and all reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *Krouse v. Bower,* 2001 UT 28, ¶ 2, 20 P.3d 895.

2. In *Norton v. Macfarlane,* this court imposed a standard of clear and convincing evidence in alienation of affections cases and a requirement of proof that the conduct of defendant constitute the "controlling cause" of the alienation of affections. 818 P.2d 8, 15 (Utah 1991). " 'Defen-

that plaintiff should not be able to "back door" what is essentially a claim for alienation of affections by alleging claims for emotional distress when all of the claims arise from the same facts, and the emotional distress claims may be proven by a lesser evidentiary standard.[3] We find defendant's argument to be without merit.

¶ 8 There is nothing to prevent plaintiff from bringing claims for intentional and negligent infliction of emotional distress in addition to a claim for alienation of affections. To the contrary, rule 18 of the Utah Rules of Civil Procedure specifically allows "[t]he plaintiff in his [or her] complaint . . . [to] join either as independent or as alternate claims as many claims either legal or equitable or both as he [or she] may have against an opposing party." Utah R. Civ. P. 18(a). Plaintiff's claims for alienation of affections, intentional infliction of emotional distress, and negligent infliction of emotional distress are claims for three different torts, each with separate elements, all of which are actionable in this state. Under rule 18 plaintiff may assert each of these claims in his action against defendant.

■ ¶ 9 Obviously, plaintiff must make the necessary allegations in his complaint to support each separate claim,[4] and at trial plaintiff must prove all of the elements of each claim to recover for that cause of action.[5] However, there is no legal reason why plaintiff's claim for alienation of affections precludes his claims for intentional and/or negligent infliction of emotional distress. It was error for the trial court to dismiss plaintiff's claims for intentional infliction of emotional distress and negligent infliction of emotional distress on that basis.

¶ 10 Reversed and remanded.

¶ 11 Chief Justice HOWE, Associate Chief Justice RUSSON, Justice DURHAM, and Justice DURRANT, concur in Justice WILKINS' opinion.

---

dant's conduct must have outweighed the combined effect of all other causes, including the conduct of the plaintiff spouse and the alienated spouse.' " *Id.* (quoting *Nelson v. Jacobsen,* 669 P.2d 1207, 1219 (Utah 1983)).

3. Evidence in both intentional infliction of emotional distress and negligent infliction of emotional distress claims is required to be established by a preponderance of the evidence.

4. We do not address the sufficiency of the allegations for the emotional distress claims. That issue is not before us.

5. If plaintiff does prevail on each claim, he may not recover the same damages twice.