ZACHARY, Judge.
 

 *243
 
 Plaintiff Beverly Farquhar (Beverly) appeals from an order dismissing her claims for alimony and equitable distribution pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure. For the reasons that follow, we affirm the district court's order of dismissal.
 

 I. Background
 

 Beverly and defendant Peter Farquhar (Peter) have married each other on two separate occasions. The parties were first married on 30 December 1993, and they separated approximately ten years later, on 24 January 2003. In February 2003, Beverly filed an action in Caldwell County District Court for divorce from bed and board, equitable distribution, post-separation support, alimony, and attorneys' fees (the
 
 *244
 
 Caldwell County action). Three months later, Peter filed an answer in the Caldwell County action along with his own counterclaim for equitable distribution.
 

 Beverly and Peter were divorced pursuant to a judgment entered 23 April 2004. However, Beverly's claims for alimony and equitable distribution as well as Peter's claim for equitable distribution were not resolved in any manner by the divorce judgment. All of those claims were pending in May 2005, when the parties decided to remarry. Shortly after entering their second marriage, Beverly and Peter entered into a joint voluntary dismissal of their pending claims. The joint dismissal was filed on 26 August 2005.
 

 Beverly and Peter's second marriage lasted approximately ten years. However, on 16 February 2015, Peter filed a verified complaint in Guilford County District Court seeking divorce from bed and board, injunctive relief, and return of separate property accumulated during the second marriage. The parties then separated for the second time on or about 1 April 2015. Two weeks later, Beverly filed an answer to Peter's complaint, which included counterclaims for divorce from bed and board, post-separation support, alimony, equitable distribution, and attorneys' fees. On 3 December 2015, Beverly filed a verified complaint in Guilford County Superior Court alleging claims for equitable distribution, alimony, and attorneys' fees related to the parties' first marriage.
 

 On 30 December 2015, Peter filed a motion to dismiss Beverly's claims arising out of the first marriage pursuant to Rules 12(b)(1) and (6) of the North Carolina Rules of Civil Procedure. The gravamen of Peter's motion was that the trial court lacked jurisdiction over Beverly's complaint because the claims arising out of the first marriage were voluntarily dismissed after the parties' second marriage and were not refiled within one year of their dismissal, as required by Civil Procedure Rule 41(a). For the same reasons, Peter contended that Beverly's complaint failed to state claims upon which relief could be granted.
 

 After hearing the motion to dismiss on 18 February 2016, and then reconvening on 21 April 2016, the Honorable Susan R. Burch concluded that Beverly's complaint was barred by the application of Rule 41(a), which required her claims for alimony and equitable distribution arising of out the first marriage to be refiled within one year of their dismissal. According to Judge Burch,
 
 *587
 
 this was so even though the parties had remarried before filing the joint voluntary dismissal. On 20 July 2016, the district court entered an order that memorialized its oral ruling, concluded that the court lacked subject matter jurisdiction over the claims
 
 *245
 
 set forth in Beverly's complaint, and granted Peter's motion to dismiss. Beverly now appeals from the dismissal of her complaint.
 

 II. Standard of Review
 

 "Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question [and] is conferred upon the courts by either the North Carolina Constitution or by statute."
 
 Harris v. Pembaur
 
 ,
 
 84 N.C.App. 666
 
 , 667,
 
 353 S.E.2d 673
 
 , 675 (1987) (citations omitted). An order granting a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is subject to
 
 de novo
 
 review.
 
 Burgess v. Burgess
 
 ,
 
 205 N.C.App. 325
 
 , 327,
 
 698 S.E.2d 666
 
 , 668 (2010). "Under the
 
 de novo
 
 standard of review, this Court 'considers the matter anew and freely substitutes its own judgment for that of the [trial court].' "
 

 Id.
 

 (quoting
 
 In re Appeal of the Greens of Pine Glen Ltd. P'ship
 
 ,
 
 356 N.C. 642
 
 , 647,
 
 576 S.E.2d 316
 
 , 319 (2003) ).
 

 III. Discussion
 

 Rule 41(a) of the North Carolina Rules of Civil Procedure provides, in pertinent part:
 

 Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court ... (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.... If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal....
 

 " Rule 41(a)(1) extends the time within which a party may refile suit after taking a voluntary dismissal when the refiled suit involves the same parties, rights and cause of action as in the first action."
 
 Holley v. Hercules, Inc.
 
 ,
 
 86 N.C.App. 624
 
 , 628,
 
 359 S.E.2d 47
 
 , 50 (1987).
 

 On appeal, Beverly acknowledges the general rule contained in Rule 41(a), but maintains that the unique factual circumstances of this case present a "loophole." Beverly contends that because the parties' second marriage occurred before the joint voluntary dismissal was filed in August 2005, she lacked the ability to refile her alimony and equitable distribution claims based on the parties' first marriage. According to Beverly, Rule 41(a) 's one-year savings provision was therefore tolled during the parties' second marriage, as she had no ability to refile her claims arising out the first marriage. We disagree.
 

 *246
 
 As a general rule, a judgment for absolute divorce destroys a spouse's right to seek equitable distribution or alimony unless those claims are pending at the time that the divorce judgment is entered.
 
 N.C. Gen. Stat. § 50-11
 
 (c), (e) (2015). In
 
 Stegall v. Stegall
 
 , however, our Supreme Court held that "if alimony and equitable distribution claims are properly asserted, whether by the filing of an action or raising of counterclaims, and are not voluntarily dismissed pursuant to Rule 41(a)(1) until after judgment of absolute divorce is entered, a new action based on those claims may be filed within the one-year period provided by the rule."
 
 336 N.C. 473
 
 , 479,
 
 444 S.E.2d 177
 
 , 181 (1994). Under
 
 Stegall
 
 , alimony and equitable distribution claims that are pending
 
 at the time
 
 a divorce judgment is entered and are then later voluntarily dismissed may nonetheless survive and may be refiled within the one year period established by Rule 41(a).
 

 Id.
 

 Having carefully reviewed the factual and procedural background in this case, we conclude that the rule announced in
 
 Stegall
 
 controls this case.
 

 Here, Beverly's alimony and equitable distribution claims based on the first marriage were pending when the parties' divorce judgment was entered in the Caldwell County action on 23 April 2004. The joint dismissal, filed 26 August 2005, caused Beverly's alimony and equitable distribution claims (arising out of the first marriage) to be dismissed. Thus, under
 
 Stegall
 
 , Beverly had one year within which to refile those claims; however, Beverly chose not to do so. Because it is clear that the alimony and equitable distribution
 
 *588
 
 claims that Beverly filed against Peter in 2015 are the same claims that she filed in 2003 (that is, based on the first marriage), they were subject to Rule 41(a) 's restrictions and were barred by the Rule.
 

 We are cognizant that Beverly (presumably) did not refile those claims because she had reconciled with Peter and entered into a second marriage with him. However, the rule in
 
 Stegall
 
 is clear-because the joint dismissal followed the entry of the divorce judgment, Beverly's claims for alimony and equitable distribution survived, but a new action asserting those claims had to be re-filed within one year of the joint dismissal. Beyond that, we refuse to hold that when alimony and equitable distribution claims based on a first marriage are voluntarily dismissed after a divorce judgment, those claims are indefinitely tolled by a second marriage of the parties so that they may be tucked away and used as a sword in a hypothetical, future action. Beverly's 2015 claims for alimony and equitable distribution arising out the first marriage were barred by the application of Rule 41(a). Accordingly, the district court lacked subject matter jurisdiction to adjudicate those claims and they were properly dismissed.
 

 *247
 

 IV. Conclusion
 

 For the reasons stated above, we affirm the district court's order dismissing Beverly's claims for alimony and equitable distribution.
 

 AFFIRMED.
 

 Judges DILLON and BERGER, JR. concur.