IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-411

Filed 07 February 2023

Wake County, No. 20 CVS 13650

KIARASH BASSIRI, Plaintiff,

v.

WADE PILLING, Defendant.

Appeal by plaintiff from order entered 29 November 2021 by Judge Dawn M. Layton in Wake County Superior Court. Heard in the Court of Appeals 2 November 2022.

*Mills & Alcorn, L.L.P., by Cynthia A. Mills, for plaintiff-appellant.*

*Daphne Edwards and Ashley Fillippeli for defendant-appellee.*

ZACHARY, Judge.

Plaintiff Kiarash Bassiri appeals from the trial court's order granting Defendant Wade Pilling's motion to dismiss for lack of subject-matter jurisdiction pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) (2021). After careful review, we reverse and remand for further proceedings.

## I.   Background

Plaintiff and his wife were married in 2010 and lived together in North Carolina in what Plaintiff describes as a "happy and loving marriage," in which "genuine love and affection existed." In 2019 and continuing until January 2020,

Defendant and Plaintiff's wife began a friendship that evolved into a romantic, intimate relationship. Plaintiff and his wife eventually separated, although they remained legally married when Plaintiff commenced this suit against Defendant.

On 1 December 2020, Plaintiff filed a verified complaint against Defendant, asserting claims for alienation of affections, criminal conversation, and intentional infliction of emotional distress. On 12 March 2021, Defendant filed a responsive pleading in which he first moved to dismiss Plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) and (2), alleging that the trial court lacked both subject-matter and personal jurisdiction. Defendant's responsive pleading also included his answer and affirmative defenses.

On 26 May 2021, Plaintiff served Defendant with discovery, including a set of interrogatories. On 26 July 2021, Defendant served Plaintiff with his verified responses and objections to the interrogatories. In Defendant's responses, Defendant averred, *inter alia*, that he and Plaintiff's wife had "engaged in some intimate activity when [Defendant] first met her in October 2019 in California, in November 2019 in Nevada, and about a month later in Utah, but [they] did not engage in sexual intercourse." Defendant further acknowledged that he has "only seen [Plaintiff's wife] in person on three occasions"—in California, Nevada, and Utah. Most other contact between them occurred via email, text messages, and social media such as Facebook and Snapchat.

On 26 August 2021, Defendant took a voluntary dismissal with prejudice of his

Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, leaving pending his Rule 12(b)(1) motion to dismiss. That same day, Defendant's Rule 12(b)(1) motion to dismiss came on for hearing in Wake County Superior Court.

By order entered on 29 November 2021, the trial court determined that it lacked subject-matter jurisdiction over Plaintiff's claims for alienation of affections and criminal conversation and granted Defendant's motion to dismiss those claims. In its order, the trial court made the following pertinent findings of fact:

> 11. In Plaintiff's Interrogatories, Plaintiff asked Defendant to identify the location of any intimate activity he engaged in with Plaintiff's Wife.
>
> 12. In Defendant's verified Interrogatory Responses to questions 13, 14, 15 and 17, Defendant stated that he had only seen Plaintiff's Wife in person on three occasions:
>
>> A. In October 2019 in California at a conference where he initially met her;
>>
>> B. In November 2019 in Nevada; and
>>
>> C. In January 2020 in Utah.
>
> 13. In Defendant's verified Interrogatory Responses, Defendant stated he has never met Plaintiff's Wife in the state of North Carolina.
>
> 14. There is no evidence to support Plaintiff's allegation that any intimate act in which Defendant engaged with Plaintiff's Wife occurred in the state of North Carolina.
>
> 15. There is no evidence that Defendant has ever been to North Carolina, traveled to North Carolina, or engaged in any act with Plaintiff's Wife in North Carolina.
>
> 16. There is no evidence that Defendant engaged in any act

with Plaintiff's Wife other than meeting her in person outside the state of North Carolina, in California, Nevada, and Utah. There is evidence that Defendant and Plaintiff's [W]ife communicated via Facebook, Snapchat, emails and texts while Plaintiff['s Wife] was in North Carolina.

17. There is no evidence, as alleged in Plaintiff's Complaint, that Defendant committed the acts alleged in the pleading in the state of North Carolina; on the contrary, there is credible evidence that Defendant has never been to North Carolina, has never traveled to North Carolina, has never met Plaintiff's Wife, for any purpose, in the state of North Carolina, and only met Plaintiff's Wife in person outside the state of North Carolina three times: once initially at a dental conference where he spoke in California in 2019, at another dental conference at which he spoke in November 2019 in Nevada, and in January 2020 in Utah. There is evidence that Defendant and Plaintiff's [W]ife communicated via Facebook, Snapchat, emails and texts while Plaintiff['s Wife] was in North Carolina.

The trial court thus concluded:

1. This Court lacks subject matter jurisdiction, pursuant to N.C. Gen. Stat[.] § 1A-1, Rule 12(b)(1), over Plaintiff's claims for alienation of affection[s] and criminal conversation because there is no evidence that an act underlying a claim for alienation of affection[s] or criminal conversation occurred between Plaintiff's Wife and Defendant within the state of North Carolina.

2. Alienation of affection[s] and criminal conversation are transitory torts and for North Carolina substantive law to apply a Plaintiff must show that the alleged torts occurred in the state of North Carolina. *See Jones v. Skelley*, 195 N.C. App. 500, 506-513, 673 S.E.2d 385, 389-394 (2009). If the tortious injury occurred in a state that does not recognize alienation of affections and criminal conversation, the matter cannot be tried in North Carolina and North Carolina courts lack subject matter jurisdiction.

*See id.*

3. "A motion to dismiss pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure represents a challenge to the trial court's subject matter jurisdiction over the plaintiff's claims. N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) (2018). 'Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question.' *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987). 'Whenever it appears by the suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.['] N.C. Gen. Stat. § 1A-1, Rule 12(h)(3) (2018)." *Dipasupil v. Neely*, 268 N.C. App. 466, 834 S.E.2d 451 (2019) (unpublished). Subject matter jurisdiction is a prerequisite to personal jurisdiction. *Id.*

4. Because the evidence shows that no alleged intimate act between Plaintiff's Wife and Defendant underlying the actions for alienation of affection[s] and criminal conversation occurred in the state of North Carolina, pursuant to N.C. Gen. Stat[.] § 1A-1, Rule 12(b)(1), this Court lacks subject matter jurisdiction and must dismiss said actions.

On 9 December 2021, Plaintiff took a voluntary dismissal of his claim for intentional infliction of emotional distress. Plaintiff timely filed his notice of appeal from the trial court's order granting Defendant's motion to dismiss on 22 December 2021.

## II. Appellate Jurisdiction

Ordinarily, this Court only hears appeals from final judgments. *See* N.C. Gen. Stat. § 7A-27(b)(1)–(2). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial

court." *Veazey v. City of Durham*, 231 N.C. 357, 361–62, 57 S.E.2d 377, 381*, reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950). By contrast, "[a]n interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Id.* at 362, 57 S.E.2d at 381.

The trial court's order granted Defendant's motion to dismiss as to two of Plaintiff's claims, but left pending Plaintiff's claim for intentional infliction of emotional distress. Therefore, the trial court's order was not a final judgment at the time that it was entered. "At that point, [P]laintiff's appeal would have been interlocutory because the entire case was not disposed of." *Tarrant v. Freeway Foods of Greensboro, Inc.*, 163 N.C. App. 504, 507–08, 593 S.E.2d 808, 811, *disc. review denied*, 358 N.C. 739, 603 S.E.2d 126 (2004). However, Plaintiff took a voluntary dismissal of his claim for intentional infliction of emotional distress before filing his notice of appeal. This dismissal rendered the trial court's order a final judgment. *See id.* at 508, 593 S.E.2d at 811 (declining to dismiss the plaintiff's appeal after the plaintiff voluntarily dismissed the remaining claims, as "[a]ll claims and judgments [we]re final with respect to all the parties, and there [wa]s nothing left for the trial court to determine"). Accordingly, Plaintiff's appeal is properly before this Court, and we proceed to review the merits of his appeal.

### III. Discussion

On appeal, Plaintiff argues that the trial court erred by concluding that it

lacked subject-matter jurisdiction over his claim for alienation of affections and thus granting Defendant's Rule 12(b)(1) motion to dismiss.[1] Much of the appellate briefing in this case concerns the trial court's finding of fact that there exists "evidence that Defendant and Plaintiff's [W]ife communicated via Facebook, Snapchat, emails and texts while Plaintiff['s Wife] was in North Carolina." Plaintiff contends that this finding undermines the trial court's conclusion of law that it lacked subject-matter jurisdiction. We agree, albeit on a more fundamental basis; unlike the thornier issues of personal jurisdiction and conflict of laws posed by the facts of this case, the issue of subject-matter jurisdiction is resolved simply by recognition of the broad grant of general jurisdiction to our trial courts.

After careful review, we conclude that the trial court erred by concluding that it lacked subject-matter jurisdiction over Plaintiff's claim for alienation of affections. Accordingly, we reverse the trial court's grant of Defendant's motion to dismiss with regard to Plaintiff's alienation of affections claim and remand to the trial court for further proceedings.

## A. Standard of Review

Whether a trial court possesses subject-matter jurisdiction over a case is a

---

[1] Plaintiff makes no argument on appeal that the trial court erred in granting Defendant's motion to dismiss as regards the criminal conversation claim. This claim is therefore "deemed abandoned." *Wilkerson v. Duke Univ.*, 229 N.C. App. 670, 679, 748 S.E.2d 154, 161 (2013); *see also* N.C.R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned."). Further, because Plaintiff took a voluntary dismissal of his claim for intentional infliction of emotional distress, the present appeal solely concerns the trial court's dismissal of Plaintiff's claim for alienation of affections.

question of law, which this Court reviews de novo. *Clark v. Clark*, 280 N.C. App. 403, 418, 867 S.E.2d 704, 717 (2021). "Unlike a Rule 12(b)(6) dismissal, the court need not confine its evaluation of a Rule 12(b)(1) motion to the face of the pleadings, but may review or accept any evidence, such as affidavits, or it may hold an evidentiary hearing." *Smith v. Privette*, 128 N.C. App. 490, 493, 495 S.E.2d 395, 397 (citation omitted), *appeal withdrawn*, 348 N.C. 284, 501 S.E.2d 913 (1998). Also, "[u]nlike a Rule 12(b)(6) motion, consideration of matters outside the pleadings does not convert the Rule 12(b)(1) motion to one for summary judgment." *Id.* (citation and internal quotation marks omitted).

When conducting de novo review, "this Court considers the matter anew and freely substitutes its own judgment for that of the trial court." *Farquhar v. Farquhar*, 254 N.C. App. 243, 245, 802 S.E.2d 585, 587 (2017) (citation and internal quotation marks omitted). However, if "the trial court resolves issues of fact" in an order granting a Rule 12(b)(1) motion, then "those findings are binding on the appellate court if supported by competent evidence in the record." *Smith*, 128 N.C. App. at 493, 495 S.E.2d at 397.

## B. Analysis

"It is a universal principle as old as the law that the proceedings of a court without subject-matter jurisdiction are a nullity. Put another way, subject-matter jurisdiction is the indispensable foundation upon which valid judicial decisions rest, and in its absence a court has no power to act." *Lakins v. W. N. Carolina Conf. of*

*United Methodist Church*, 283 N.C. App. 385, 397–98, 873 S.E.2d 667, 677 (2022) (citations and internal quotation marks omitted). Subject-matter jurisdiction is "the power of the court to deal with the kind of action in question." *Clark*, 280 N.C. App. at 418, 867 S.E.2d at 717 (citation omitted). "A court has jurisdiction over the subject matter if it has the power to hear and determine cases of the general class to which the action in question belongs." *Balcon, Inc. v. Sadler*, 36 N.C. App. 322, 324, 244 S.E.2d 164, 165 (1978).

By contrast, personal jurisdiction is "the power to bring the person to be affected by the judgment before the court so as to give him an opportunity to be heard." *Id.* In that subject-matter jurisdiction concerns the kind of action in question rather than the person affected by the action, subject-matter jurisdiction often exists where personal jurisdiction does not. *See High v. Pearce*, 220 N.C. 266, 271, 17 S.E.2d 108, 112 (1941) ("Properly speaking, there can be no jurisdiction of the person where there is none of the subject matter, although the converse might indeed, and often does, occur.").

Because Defendant took a voluntary dismissal with prejudice of his Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the trial court never considered that issue; hence, the question of whether the trial court had personal jurisdiction over Defendant is not before us. Defendant's Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction was the only motion that the trial court considered and upon which it ruled in the order from which Plaintiff appeals, and

therefore we confine our analysis solely to the issue of subject-matter jurisdiction.

"Subject[-]matter jurisdiction is conferred upon the courts by either the North Carolina Constitution or by statute." *Harris v. Pembaur*, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987). Section 7A-240 of our General Statutes broadly confers subject-matter jurisdiction upon the superior and district courts of this state:

> Except for the original jurisdiction in respect of claims against the State which is vested in the Supreme Court, original general jurisdiction of *all justiciable matters of a civil nature* cognizable in the General Court of Justice is vested in the aggregate in the superior court division and the district court division as the trial divisions of the General Court of Justice. Except in respect of proceedings in probate and the administration of decedents' estates, the original civil jurisdiction so vested in the trial divisions is vested concurrently in each division.

N.C. Gen. Stat. § 7A-240 (emphasis added).

On the issue of subject-matter jurisdiction, both parties cite *Jones v. Skelley*. 195 N.C. App. 500, 673 S.E.2d 385 (2009), *superseded in part on other grounds*, N.C. Gen. Stat. § 52-13(a) (2015). In *Jones*, this Court stated that "if the tortious injury occurs in a state that does not recognize alienation of affections, the case cannot be tried in a North Carolina court." 195 N.C. App. at 506–07, 673 S.E.2d at 390 (citation and internal quotation marks omitted); *see also Wise v. Hollowell*, 205 N.C. 286, 289, 171 S.E. 82, 83 (1933) ("[I]f the act complained of is insufficient to constitute a cause of action there[,] it is likewise insufficient here."). "Establishing that the defendant's alienating conduct occurred within a state that still recognizes alienation of affections

as a valid cause of action is essential to a successful claim since most jurisdictions have abolished the tort." *Hayes v. Waltz*, 246 N.C. App. 438, 443, 784 S.E.2d 607, 613 (2016).

However, it does not necessarily follow that the alleged alienating conduct must have occurred *in North Carolina* in order for a plaintiff to raise a valid alienation of affections claim over which the trial court would have subject-matter jurisdiction. Rather, the alienating conduct must have "occurred within a state that still recognizes alienation of affections as a valid cause of action[.]" *Id.* In the case at bar, there are two states in which allegedly alienating conduct may have occurred and which recognize a cause of action for alienation of affections: North Carolina and Utah. *See Heiner v. Simpson*, 23 P.3d 1041, 1043 (Utah 2001).

Although this Court has previously addressed the issue of subject-matter jurisdiction in the context of alienation-of-affections claims in which the allegedly alienating conduct occurred across multiple states, in each of those prior cases, North Carolina was the *only* jurisdiction involved that recognized the claim of alienation of affections. *See, e.g.*, *Dipasupil v. Neely*, 268 N.C. App. 466, 834 S.E.2d 451, 2019 WL 6133850, at *1 (2019) (unpublished) (in which a Florida resident sued a Virginia resident over conduct alleged to have occurred in Minnesota and Washington, D.C., while the plaintiff resided in North Carolina); *Jones*, 195 N.C. App. at 505, 673 S.E.2d at 389 ("Plaintiff contends a material issue of fact exists as to the state in which the alleged alienation of affections occurred, North Carolina, which recognizes the tort,

or South Carolina, which has abolished the tort . . . ."); *Darnell v. Rupplin*, 91 N.C. App. 349, 351, 371 S.E.2d 743, 745 (1988) ("[The] defendant's involvement with [the] plaintiff's husband . . . spanned four states: North Carolina, Maryland, Virginia, and Washington, D.C. Of these four states, North Carolina is the only one that recognizes a legal cause of action for the tort of alienation of affections."). Thus, the sufficiency of the claim in each of these cases was dependent upon whether the alleged injury occurred in North Carolina.

The question of whether the trial court has subject-matter jurisdiction is frequently conflated with the question of where the alleged alienating conduct and injury occurred because North Carolina is often the only jurisdiction involved that recognizes the claim. Indeed, the factual determination of where the allegedly injurious conduct occurred is critical to the eventual *choice-of-law* analysis that determines whether a plaintiff has sufficiently alleged a valid cause of action under the applicable substantive law. *See Darnell*, 91 N.C. App. at 351, 371 S.E.2d at 745 ("The substantive law applicable to a transitory tort [such as alienation of affections] is the law of the state where the tortious injury occurred, and not the substantive law of the forum state."). Nonetheless, that factual determination is irrelevant to the foundational question of *whether the trial court has subject-matter jurisdiction* over "the kind of action in question." *Clark*, 280 N.C. App. 403, 418, 867 S.E.2d 704, 717 (citation omitted). Instead, the choice-of-law analysis is more properly assessed pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim, rather than

a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. *See Church v. Carter*, 94 N.C. App. 286, 289, 380 S.E.2d 167, 169 (1989) ("The alleged failure of a complaint to state a cause of action for which relief can be granted . . . does not equate with a lack of jurisdiction over the subject matter of the complaint.").

Here, the dispositive question of law—whether the trial court possesses subject-matter jurisdiction over the *kind of action* in question—is a deceptively simple one. The kind of action presented is one for alienation of affections, a tort over which the trial courts of this state indisputably possess subject-matter jurisdiction. *See* N.C. Gen. Stat. § 7A-240; *see also, e.g.*, *Darnell*, 91 N.C. App. at 351, 371 S.E.2d at 745. Whether Plaintiff has successfully stated a claim for which relief may be granted under the substantive law applicable to his claim consistent with our conflict-of-laws rules is downstream of and irrelevant to the resolution of this straightforward question of law.

Accordingly, even though several of the trial court's findings of fact concerning Defendant's actions or presence in North Carolina are supported by competent evidence, these findings of fact do not support the trial court's conclusion that it lacked subject-matter jurisdiction over Plaintiff's alienation of affections claim. The trial court's order must be reversed and remanded for further proceedings.

On remand, should the evidence persuade the finder of fact that the tort of alienation of affections occurred in either North Carolina or Utah, then the substantive law of the applicable jurisdiction will apply. *See Cooper v. Shealy*, 140

N.C. App. 729, 736, 537 S.E.2d 854, 859 (2000). "Should it be determined that the tort[ ] occurred in [California or Nevada], then no substantive law could apply since none of these alleged acts are [a] tort[ ] in th[ose] state[s]. In that event, the case would, by necessity, be dismissed." *Id.*

## IV.    Conclusion

For the foregoing reasons, the trial court's order granting Defendant's Rule 12(b)(1) motion for lack of subject-matter jurisdiction is reversed and Plaintiff's claim for alienation of affections is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.

Judges ARROWOOD and GRIFFIN concur.